## BESSIE I. VAN DOREN *vs.* ALBERT BAILEY.

Argued Dec. 24, 1891. Decided Feb. 3, 1892.

| 48 | 305 |
|----|-----|
| 83 | 214 |
| 48 | 305 |
| 84 | 214 |

**Evidence—Hearsay.**—Declarations or admissions of an agent not made in the course or within the scope of his agency while transacting business for his principal, nor in relation to a transaction or matter then depending, are hearsay, and not evidence against his principal.

Appeal by defendant, Albert Bailey, from an order of the district court of Traverse county, *C. L. Brown,* J., made September 1, 1891, denying his motion for a new trial.

Plaintiff, Bessie I. Van Doren, brought this action to recover possession of a span of horses and a harness, and obtained a verdict at the trial in June, 1891.

*Reynolds & Townsend*, for appellant.

*W. H. Place*, for respondent.

VANDERBURGH, J. The defendant resists plaintiff's claim to the team of horses in controversy, on the ground that he bought them of one Prescott, who had previously purchased them of plaintiff through

her husband, acting as her agent.    Prescott was, at the time, occu-
pying plaintiff's farm, which, together with stock, teams, and imple-
ments, he had leased of her.    At the close of the testimony a verdict
was ordered for the plaintiff.    Defendant claims, on this appeal, that
there was evidence in his behalf sufficient to make a case for the jury.
Conceding that there was evidence tending to establish the agency of
her husband, and his authority to make a sale of the team to Pres-
cott, we think the evidence relied on was insufficient to establish the
sale.    There is no direct evidence of a contract of sale with Prescott.
He was in possession, as tenant, as he was of other stock.    All the
evidence adduced on the subject was the admissions of the agent,
made by him in casual conversation, as follows: "On the occasion of
a difference between Prescott and plaintiff's husband in relation to
property on her farm, the latter accused him of stealing a team from
him, to which Prescott said, 'I guess not.   I bought them of you;'
to which Van Doren replied, 'Well, if you have, you never paid for
them.'    On another occasion, a neighbor called Van Doren's atten-
tion to a team hauling a tank of water from the lake, saying, 'There
is one of your teams, Mr. Van Doren;' when he looked up and said,
'I wonder what they have got my team hauling water for.   I sold
Prescott a team good enough to haul water with.'"    Another witness
testifies to the same effect.    It is very doubtful if the team referred
to was sufficiently identified as the team in question.    The witnesses
undertake to say he referred to this team, but there is nothing in the
conversation or evidence which tends to show that.    But the evidence
at best was hearsay, and the admissions did not bind the plaintiff.
They were not made in the course or within the scope of his agency
while transacting business for his principal, nor in relation to a trans-
action or matter then depending, in which he was acting or called
upon to act or speak for his principal.    And the rule applies as well
to a general as to a special agency.    The admissions were not evi-
dence against her.    *Fairlie* v. *Hasting*, 10 Ves. 123; *White* v. *Miller*,
71 N. Y. 118, 136; *Stiles* v. *Western R. Corp.*, 8 Met. (Mass.) 44;
Mechem, Ag. §§ 714, 715.

  Order affirmed.

  (Opinion published 51 N. W. Rep. 375.)