LOUISA L. PARKER v. WINONA & ST. PETER RAILROAD
COMPANY.[1]

May 10, 1901.

Nos. 12,640—(32).

### Death by Wrongful Act—Drunkenness.

Action to recover damages for the death of plaintiff's intestate on the ground that the defendant failed to take any measures to protect the deceased from the consequences of his voluntary intoxication while upon one of its freight trains as a brakeman. *Held*, that the trial court rightly directed a verdict for the defendant, because the evidence failed to show that its train employees had any notice or knowledge of the condition of the deceased.

### Admissions of Fellow Servants.

The admissions of the conductor and brakeman of the train, which were no part of the res gestæ, to the effect that they knew before the deceased was killed that he was drunk, were incompetent as evidence against the defendant.

Action in the district court for Waseca county by plaintiff, as administrator of the estate of Henry Parker, deceased, to recover $5,000 damages on account of the death of decedent. The case was tried before Buckham, J., who, at the close of plaintiff's testimony, directed a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*John Moonan*, for appellant.

*Brown, Abbott & Somsen*, for respondent.

START, C. J.[2]

The plaintiff's alleged cause of action, as stated in her complaint, is substantially this: She is the widow of Henry Parker, deceased, and the administratrix of his estate. Her intestate was a brakeman in the employ of the defendant, and on the evening of September 10, 1896, he voluntarily became so drunk as to be insensible of the dangers attending the performance of his duties as such brakeman upon the freight train of the defendant, and

---

wholly incapacitated for the performance of such duties, all of which the employees in charge of the train then knew. While he was upon the top of the moving train, which was a place of peril to him by reason of his condition, as the conductor and the other brakemen of the train then knew, he fell therefrom, and received injuries which resulted in his death. The defendant's employees in charge of the train, after learning of his condition, had a full opportunity to stop the train and remove him therefrom, and their failure to do so was such negligence on the part of the defendant as entitles the plaintiff to recover damages on account of his death. The answer of the defendant was, in effect, a general denial, except that it alleged that the injury and death of the plaintiff's intestate was due solely to his own negligence. At the close of the plaintiff's evidence the trial court directed a verdict for the defendant, and the plaintiff appealed from an order denying her motion for a new trial.

It is claimed on behalf of the plaintiff that defendant is liable because it did not take active measures to protect the deceased from the consequences of his own voluntary intoxication while upon one of its freight trains as a brakeman. It is not claimed that the defendant, by its employees or otherwise, did or omitted to do any act which caused the injury, but the sole claim is that the defendant was guilty of actionable negligence, because it did not stop its train and remove the deceased to a place of safety, or take other measures to protect him from imminent danger due to his intoxication. We assume, without so deciding, that if the conductor or brakeman was fully apprised of the intoxicated condition of the deceased and his consequent peril, it was his duty to take active and reasonable measures for his protection. But, in any event, to sustain the charge of negligence on the part of the defendant, it must have had, by its employees in charge of the train, actual knowledge that the deceased was at the time, by reason of intoxication, in so helpless a condition as to be unable to protect himself from impending danger. While the evidence offered on behalf of the plaintiff was ample to show that her intestate was an intemperate drinker of intoxicating liquors, and had been drinking before he went on duty as a brakeman on the

evening he was killed, yet the evidence failed to show that the conductor, or any of the employees in charge of the train, knew, or ought to have known, that the deceased was so drunk as to be unable to take care of himself, if such was in fact his condition. Therefore the trial court rightly directed a verdict for the defendant.

The plaintiff offered to give in evidence the alleged admissions of the conductor and rear brakeman of the train, respectively, made to her after the accident, to the effect that they knew that the deceased was so drunk at the time the accident occurred that he was unable to take care of himself. This evidence was, on the objection of the defendant, excluded by the court. This ruling is assigned as error. It is claimed that the evidence was competent, not for the purpose of showing negligence of the defendant, but for the sole purpose, for which it was offered, of showing that the defendant's employees on the train had actual notice of the condition of Mr. Parker before he fell from the train. But such knowledge on the part of the employees was a fact which it was necessary for the plaintiff to prove in order to establish the defendant's negligence, and their admissions made after the accident were incompetent to prove such fact. Such admissions are within the rule that the declarations or admissions of an agent, which are no part of the res gestæ, and not made in the course or within the scope of his agency, are hearsay testimony, and therefore incompetent as evidence against his principal. Presley v. Lowry, 25 Minn. 114; Van Doren v. Bailey, 48 Minn. 305, 51 N. W. 375; Rodes v. St. Anthony & D. Ele. Co., 49 Minn. 370, 52 N. W. 27; Halverson v. Chicago, M. & St. P. R. Co., 57 Minn. 142, 58 N. W. 871; Reem v. St. Paul City Ry. Co., 77 Minn. 503, 80 N. W. 638, 778.

The trial court rightly excluded the offered evidence, and the order denying the motion for a new trial must be, and it is, affirmed.