MILTON B. WHITNEY v. JOHN WAGENER.[1]

October 25, 1901.

Nos. 12,631—(12).

## Corporation—Declaration of Officer.

Declarations of officers of a corporation within the scope of their authority are evidence against the corporation, if otherwise material and relevant. But such declarations are binding upon the corporation only when made in the course of or in connection with the performance of the authorized duties of such officers.

## Ownership—Declaration of Agent.

The declarations of an agent cannot be received, in a suit to which he is not a party, to establish the alleged fact that he, and not his principal, is the owner of the property in controversy.

[1] Reported in 87 N. W. 602.

**Title—Declaration of Person in Possession.**

> The declarations of a person alleged to have been in possession of property at a given time as to his title thereto, or as to the character of his possession, are not admissible in an action to which he is not a party, unless the fact of his possession is first established by evidence independent of his declarations.

**Exclusion of Evidence.**

> Rules applied, and *held* that the trial court in this case rightly excluded evidence of the declarations of an officer of a corporation as to his ownership of property claimed by it.

**Dismissal of Action.**

> Evidence considered, and *held* that it justified a dismissal of the action by the trial court.

Action in the district court for Ramsey county to recover from defendant, as sheriff of said county, $703 damages for wrongful surrender of property which had been attached by defendant at the instance of plaintiff. The case was tried before O. B. Lewis, J., who, at the close of plaintiff's testimony, granted a motion to dismiss, on the ground that plaintiff had failed to prove a cause of action. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*William G. White,* for appellant.

*John E. Stryker,* for respondent.

START, C. J.

On January 6, 1898, the C. E. Sherin Agency, a corporation, hereinafter called the "Agency," recovered a judgment upon a promissory note in the district court of the county of Ramsey against the trustees of the Atlantic Congregational Church of St. Paul, for the sum of $703. The plaintiff herein, Milton B. Whitney, a judgment creditor of Clarence E. Sherin and Carrie E. Sherin, began an action against them upon his judgment, then amounting to the sum of $1,769.69, in the district court of the county of Ramsey, and caused a writ of attachment to be issued against them, which was delivered to the defendant as sheriff of that county. Thereupon the defendant, as such sheriff, by virtue of the writ levied upon and attached all the title and interest of

Clarence E. Sherin and Carrie E. Sherin in and to the judgment so recovered by the agency against the trustees of the church. An execution was issued on this judgment and delivered to the defendant, who, as sheriff, collected the amount thereof and paid it to the agency without the knowledge of the plaintiff, instead of holding it upon the attachment which he had theretofore levied upon the judgment at the suit of the plaintiff. Judgment was entered in favor of the plaintiff in his attachment suit against the Sherins, execution issued thereon and delivered to the defendant, as sheriff, who returned it unsatisfied.

Thereupon the plaintiff brought this action to recover from the sheriff the amount of the judgment so levied upon by virtue of such writ of attachment. The answer alleged, besides other matters, that the judgment upon which the attachment was levied was the sole property of the agency, and that neither of the defendants in the plaintiff's attachment suit had, at the time such levy was made, any interest whatever therein. This was denied by the reply, and the issue so made was the principal one litigated on the trial. The trial court at the close of the plaintiff's evidence dismissed the action, on motion of the defendant, on the ground that the evidence conclusively established the fact that the judgment was the sole property of the agency.

The plaintiff appealed from an order denying his motion for a new trial. The record presents for our consideration two general questions:

1. Did the trial court err in excluding certain alleged declarations and admissions of Clarence E. Sherin, the treasurer and manager of the agency, as to the ownership of the judgment in question? The alleged admissions were made to the pastor and one of the trustees of the church, and were to the effect that he (Clarence E. Sherin) was the owner and in possession of the note upon which the judgment against the church was based, and that the agency held it only for collection. The plaintiff here urges the exclusion of this evidence as error because it tended directly to support his claim made on the trial that Clarence E. Sherin in fact owned both the note and judgment. The contention of the plaintiff in this connection is that the declarations of Clarence E.

Sherin were admissible as the admissions of the agency, because he was at the time an officer of that corporation.

It is true that declarations of officers of a corporation within the scope of their authority are admissible in evidence against the corporation if otherwise material and relevant. The rule rests, however, on the doctrine of agency; for such officers are mere agents, and their declarations are binding upon the corporation only when made in the course of or connected with the performance of authorized duties of such officers. Browning v. Hinkle, 48 Minn. 544, 51 N. W. 605. There was no evidence in this case that the alleged declarations of Sherin were authorized by the corporation, or were connected in any manner with the discharge of any duties by him as an officer or agent of the corporation. This case then falls within the rule that the declarations of an agent cannot be received in a suit to which he is not a party to establish the alleged fact that he, and not his principal, is the owner of the property in controversy. Greene v. Dockendorf, 13 Minn. 66 (70); Presley v. Lowry, 25 Minn. 114; Van Doren v. Bailey, 48 Minn. 305, 51 N. W. 375.

It is further urged that the declarations were admissible because made by Sherin while he was in the actual possession of the note upon which the judgment rests.

The short answer to this claim is that there is no evidence in this case, outside of his alleged declarations, that he then had the note in his individual possession. It was necessary to establish the fact of his possession by evidence other than his declarations. Such evidence, however, need not be conclusive. His possession of the note as an officer or agent of the corporation would not be sufficient to render his declarations as to his ownership thereof admissible against the corporation or those claiming through it. Any other rule would permit such an officer or agent indirectly to turn over the entire corporate property to his creditors, by admitting or declaring that he owned it,—an unthinkable proposition. It follows that the trial court did not err in excluding the proposed evidence.

2. The other general question is, was the evidence, when the

plaintiff rested his case, sufficient to justify a verdict in his favor for anything more than nominal damages?

We answer the question in the negative. The admitted conduct of the defendant, as sheriff, was, in legal effect, a release of the plaintiff's attachment without his consent. Such being the case, it must be conceded that the burden was upon the defendant to justify his action by showing that neither of the debtors in the attachment suit had any leviable interest in the judgment against the church. 1 Shinn, Attachm. §§ 392, 396. The question of the burden of proof, however, is not a practical one in this case, for the plaintiff on the trial assumed the burden of proving that the defendants in the attachment suit, or at least one of them, owned the judgment upon which his writ was levied.

The evidence received by the court on behalf of the plaintiff established beyond reasonable controversy that the father of Carrie E. Sherin was the original payee and the owner of the note against the church, that he sold it to her, and that she sold it to the agency, which never parted with it. The plaintiff, however, claims that there was evidence tending to show that Clarence E. Sherin at some time after the agency became the owner of the note, became the owner thereof in some undisclosed way. The only basis for this contention is certain declarations of Sherin and of the attorney of record of the agency in its suit on the note against the church. These declarations were neither competent nor relevant, for reasons already suggested.

Order affirmed.