ADELIA C. BYARD v. PALACE CLOTHING HOUSE COMPANY.[1]

January 31, 1902.

Nos. 12,850—(196).

**Personal Injury.**

In an action for damages alleged to have been caused by a basket falling from the wire of a cash and bundle carrier system by reason of its defective and dangerous condition, *held*:

**Fall of Bundle Basket.**

1. It was error to sustain an objection to a question which was intended to show that other baskets of the same system had fallen on prior occasions. Appellant was not, in the first instance, required to prove that such baskets fell because of a defective system or imperfect construction.

**Amendment of Complaint.**

2. It was not error to refuse a motion to amend the complaint by adding. that the injury occurred through improper operation of the system.

**Rulings of Court.**

3. Other rulings of the court examined and sustained.

Appeal by plaintiff from an order of the district court for Hennepin county, Elliott, J., denying a motion for a new trial, after a trial and directed verdict for defendant. Reversed.

*Welch, Hayne & Hubachek,* for appellant.

*Koon, Whelan & Bennett,* for respondent.

LEWIS, J.

Defendant had in its store a system of overhead cash and bundle carriers, running upon wires strung overhead and operated by

[1] Reported in 88 N. W. 998.

means of levers and other mechanical devices, owned and controlled by it exclusively for its convenience, and as a part of the equipment for carrying on its business. While plaintiff was in defendant's store as a customer, one of the baskets became detached from its holdings, and fell a distance of some eleven feet, striking plaintiff upon the knee, and this action was brought by her to recover damages sustained on account of the alleged unsafe, defective, and dangerous condition of the system, and the insufficient, imperfect, and defective fastenings of the basket. At the close of plaintiff's case defendant moved the court to instruct a verdict in its favor. This being denied, defendant again, after all the evidence had been submitted, moved the court to instruct a verdict in its favor, which motion was granted, and plaintiff appealed.

1. Respondent, in examining an expert witness, asked the following question:

"What have you to say as to whether the basket and appliances referred to in my previous question were approved appliances or not?"

This was objected to upon the ground that it pertained to the construction of the particular basket and appliances under consideration, and was a mere conclusion of the witness as to those facts. The objection was not well taken, and was properly overruled. From the previous examination and question referred to it was evident that neither counsel nor the witness were alluding to the particular basket which fell,—as to whether or not its attached appliances were defectively constructed,—but to the system as such.

2. The same witness was asked the question:

"Now, assuming that the appliances were in good condition, and proper working order, and assuming that the basket had been put right back onto the line, and operated from that time to the time of this trial, what explanation is there of that fall, from your experience?"

This was objected to upon the ground that the facts assumed were not in accordance with the evidence. The question was properly admitted. Defendant's witnesses had testified that the appliances were in good condition and in proper working order, and

that within an hour of the accident the basket had been put back upon the line, and was operated until taken off for examination at the trial.

3. At the close of the evidence appellant moved for leave to amend her complaint so as to allege an additional charge of negligence to the effect that respondent had maintained and operated its system of bundle carriers in a careless and negligent manner, by reason whereof her injury was caused. The court having denied the motion, the order is assigned as error. Even if such an amendment at that time was a discretionary matter, it does not appear that the court abused its discretion in denying the motion, and we are of the opinion that appellant was not entitled to the amendment, for the reason that it was a change in the claim of the negligence relied upon in the original pleading.

4. While the witness Belaire was under examination by appellant he was asked this question:

"You may state whether, during your employment in the store, you had observed any of these baskets fall prior to this accident to the plaintiff,—speaking now of the baskets in the system of carriers that was in use at the time of the accident?"

An objection to the question was sustained upon the ground that it was incompetent, irrelevant, and immaterial, whereupon appellant offered to prove by the witness that at some time during the year preceding the date of the accident he had observed the baskets then used in the hat department, and that upon several occasions they had fallen from the overhanging wires, which offer was refused. The question at issue was whether or not the basket in question fell by reason of any defect or neglect in repair in the system. It was therefore proper, as bearing upon that point, to show that upon occasions prior thereto other baskets of that system had become detached and fallen. It was not necessary that the occasion referred to be restricted to the identical basket causing the injury. It appeared that a change of systems had been made, and there was some controversy as to whether the basket this witness saw fall was one of the system in use at the time of the accident. He was unable definitely to fix the date, but thought it happened some six to eight or ten months prior thereto. One

of respondent's witnesses testified that the system in use at the time of the accident had been put in about a year and a half before, and another—one of the mechanics who put it in—testified that it was about eight months previous thereto. Under this evidence it was for the jury to determine whether the basket mentioned by the witness was one of the system then in use, or of one formerly in operation. The offer of evidence was not limited to the system in use; therefore that question presents some doubt. But from the preceding inquiry and the evidence as to the time of the change it was sufficiently clear that the offer was directed to the latter system. For these reasons a new trial must be granted.

The motions for a directed verdict on behalf of respondent suggest some very interesting questions as to the burden of proof and weight of evidence, but we deem it wise to refrain from a discussion of them at this time, since the same facts may not be shown upon a second trial.

Order reversed, and a new trial granted.