### INJURY OF AN EMPLOYEE WHILE INTOXICATED.

Court of Appeals for Lucas County.

WILLIAM J. BARRETT v. PERE MARQUETTE RAILWAY.

Decided, January 5, 1914.

*Master and Servant—Ordinary Care Required of an Intoxicated Employee—Notice to the Employer of His Condition.*

Voluntary intoxication will not relieve an employee from the duty of exercising such ordinary care to avoid injury to himself as is required under like circumstances from sober men.

*G. B. Keppel,* for plaintiff in error.
*J. H. Tyler,* contra.

RICHARDS, J.; KINKADE, J., and CHITTENDEN, J., concur.

In the court of common pleas William J. Barrett brought an action to recover damages for the loss of an arm, caused, as claimed by him, on account of the negligence of the defendant company while he was in its employment as a yard switchman

at Flint, Michigan. The injury. occurred about 11 o'clock at night on December 11, 1909. At the conclusion of the evidence offered on behalf of the plaintiff, the trial judge directed the jury to return a verdict in favor of the defendant company, which was done, and. judgment entered accordingly.

It appears from the evidence in the case that when Barrett went to the yards of the company in Flint to go on duty, about 6:30 o'clock in .the evening of December 11, he was in an intoxicated condition, and that fact was known· to his superior officers. Shortly after that hour he was directed by Grant, the yard conductor of the crew, to go into the yardmaster's office and lie down, which he did. About 9:00 o'clock at night, while he was still in the yardmaster's office, the telephone rang. He answered it and was told over the telephone to get out and go to work. It does not appear that Mr. Sharrock, who gave that order over the telephone and who was the night yardmaster, had knowledge that Barrett was intoxicated at that time. It appears from the testimony of Mr. Grant that when Barrett came back to work he said to the engineer, "I am going to let the brakes off," and that he then started to go on top of the car for that purpose. Grant states in reply to an inquiry as to what Barrett's condition was as to being intoxicated, that he couldn't say, that he was not very close to him then. Barrett, following his statement that he was going to let the brakes off, climbed to the top of the freight car next to the engine. He says that in attempting to release the brake he fell off the top of the car and that his arm was run over by a passing freight train on an adjacent track. He furnished to the company on January 24, 1910, a statement in writing of the circumstances of his injury, in which statement he says:

"I was letting brakes off cars and came to one that was pretty tight and was swinging on brakes and had to kick the dog, and when the dog let go the ratchet, there was so much pressure on brake that it came around so quickly that it threw me off car and fell under moving cars on next track."

He also says in this written statement that the accident was not caused by any bad condition of the tools or machinery and that no person was at fault. Nowhere in the testimony of the

plaintiff does he attempt to explain or contradict the written statement made by him and furnished to the company within a few weeks of his injury. He does say, however, in his testimony, that after he climbed to the top of the car he had no knowledge of what occurred, until after his injury, and that the first thing he recalled after the injury was his trying to get on the engine, not knowing that his arm was off.

The rule of law as to the contributory negligence of an intoxicated person has been often laid down by the courts and is not susceptible of doubt. It is well stated in 29 Cyc., 534, as follows:

"The condition produced by intoxication being voluntary does not relieve the person injured from the necessity of exercising the ordinary care to avoid injury required under like circumstances of a sober man. Intoxication alone is not a bar to recovery, unless by reason of such intoxication he fails to exercise the ordinary care of a sober man, or is unable to take the proper precautions to avoid danger. Yet intoxication in any degree is a circumstance to be considered in determining the question of contributory negligence."

Also to the same effect is *Vizacchero* v. *Rhode Island Co.*, 26 R. I., 392.

The evidence in this record leaves no room for doubt that the plaintiff was guilty of contributory negligence directly producing his own injury. It is said, however, that notwithstanding this he may recover because of the claim that the defendant company had knowledge of his condition, and much reliance is placed by counsel for plaintiff on the case of *Parker* v. *Railway*, 83 Minn., 212. In that case there was no notice or knowledge of the condition of the employee conveyed to the company, and the court said that it assumed, without deciding, that if the conductor or brakeman was fully apprised of the intoxicated condition of the deceased and his consequent peril, it was his duty to take active and reasonable measures for his protection. Whatever may have been said on that matter in the course of the opinion would naturally be *obiter dictum*. We are not, however, disposed to quarrel with the rule stated if it be construed to mean that the company be rendered liable if it first had knowledge that its employee was in such a state of intoxication

as to be unconscious of his own danger or unable to protect himself from injury.

The evidence in the case at bar does not show that the defendant company had knowledge that the plaintiff was, at 11 o'clock at night, in such a helpless or unconscious state of intoxication as rendered him unable to appreciate danger or unable to protect himself therefrom. It appears from the evidence that the plaintiff did in fact know the conditions surrounding him in the company's yard. He knew that his engine was coupled to cars, was on the set-off track and that the brakes were set. He knew that it was his duty to go on top of the cars that were to be switched, and that the cars could not be moved until the brakes had been released. He knew, without being told, that it was his duty to go on top of the cars and release the brakes, and he had the ability to climb on top of the cars for that purpose and did so voluntarily. We think it plain from the evidence that the defendant did not have such knowledge as to the condition of the plaintiff, at 11 o'clock at night, as required it to conduct itself in any different manner from what it did on the occasion under inquiry, and that therefore it does not appear that the defendant was guilty of any actionable negligence. We are satisfied from the whole case, as contained in the record, that substantial justice has been done, and the judgment of the court of common pleas will be affirmed.

Judgment affirmed.