## H. L. ELLIOTT JOBBING COMPANY v. CHICAGO, ST., PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.[1]

February   16,   1917.

Nos.   20,162—(279).

**Carrier — exclusion of evidence.**

1. In an action to recover damages to the plaintiff's automobile alleged to have been caused by the negligence of the defendant, evidence that the defendant's local freight agent and its claim agent stated some time after the accident, in substance, that there would be no trouble about a settlement, offered as an admission of negligence, was properly excluded.

**Negligence — evidence of contributory negligence admissible under the pleadings.**

2. In such action it is *held*, following the long established practice in this state, that evidence of contributory negligence was properly received under an answer which, in connection with a general denial, alleged "that the damage to the said automobile was caused by the' negligence of the said plaintiff and its servant and employee, and not otherwise."

**Charge to jury — requests to charge.**

3. The instructions asked by the plaintiff, so far as proper to be given, were substantially covered by the general charge and their refusal was not error.

Action in the district court for Hennepin county to recover $2,050 for the loss of an automobile caused by the negligence of defendant. The case was tried before Waite, J., and a jury which returned a verdict in favor of defendant.   Plaintiff's motion for a new trial was denied, and defendant's motion to amend the answer by inserting an allegation that the damage was caused by the negligence of plaintiff, was granted.

[1]Reported in 161 N. W. 390.

From the judgment entered pursuant to the verdict, plaintiff appealed. Affirmed.

*David R. Thomas,* for appellant.

*Richard L. Kennedy* and *J. B. Sheean,* for respondent.

DIBELL, C.

Action to recover damages to the plaintiff's automobile alleged to have been caused by the negligence of the defendant. Verdict and judgment for the defendant. Plaintiff appeals.

1. The plaintiff's automobile was damaged in a collision with a freight car of the defendant in its yards in Minneapolis. To prove negligence the plaintiff offered to show that, in a conversation with one of its officers, the local freight agent of the defendant the day after the accident said that there would be no trouble about a settlement and that its claim agent two or three weeks later told him to get the car repaired and there would be no trouble about a settlement. Neither the freight agent nor the claim agent was present at the accident. The proposed testimony was not a part of the *res gestae.* There was no authority in either agent to bind the company by an admission of negligence. Conceding that so general a statement as that claimed could be construed as an admission of negligence the offered testimony was rightfully excluded. See Doyle v. St. Paul, M. & M. Ry. Co. 42 Minn. 79, 43 N. W. 787; Reem v. St. Paul City Ry. Co. 77 Minn. 503, 80 N. W. 638, 778.

2. The answer contained a general denial of the negligence alleged in the complaint and affirmatively alleged "that the damage to the said automobile was caused by the negligence of the said plaintiff and its servant and employee, and not otherwise." The court over objection submitted the question of contributory negligence to the jury. Contributory negligence is an affirmative defense and must be pleaded. Hill v. Minneapolis St. Ry. Co. 112 Minn. 503, 128 N. W. 831. It is urged that the allegation quoted is an insufficient averment of contributory negligence. Many cases so hold. Cogdell v. Wilmington & W. R. Co. 132 N. C. 852, 44 S. E. 618; Ramp v. Metropolitan St. Ry. Co. 133 Mo. App. 700, 114 S. W. 59; Birsch v. Citizens' Ele. Co. 36 Mont. 574, 93 Pac. 940; Newport Turnpike Co. v. Pirmann, 26 Ky. Law Rep. 933, 82 S. W. 976; Watkins v. Southern Pac. R. Co. (D. C.) 38 Fed. 711, 4 L.R.

A. 239. The argument is that the allegation quoted is an averment that the plaintiff's negligence solely caused the damage, and that it negatives the negligence of the defendant charged in the complaint, though unnecessarily so since it is put in issue by the general denial, but that it is not an averment that the plaintiff's negligence contributed with that of the defendant in doing the wrong and indeed is inconsistent with such a charge. The logic of the argument is appreciated. We do not minimize its force. The rules of pleading are more a means than an end. The thing desired is that controversies may be litigated in an orderly manner and fairly to the parties. It is the long established practice in this state to receive evidence of contributory negligence under an affirmative allegation that the plaintiff's negligence was the cause, or the sole cause, of the injury. This is a common form of pleading. It is the understanding of the bar that it permits proof of contributory negligence. The plaintiff interposed a reply. It was unnecessary unless the answer alleged contributory negligence. Our practice works well and is without prejudice to a litigant. We should not disturb it merely to conform to a rule of greater logical nicety.

3. The plaintiff requested a number of instructions which were refused. The substance of them, so far as they were appropriate, was given in a comprehensive charge of the fairness of which there is no complaint. There was no error in their refusal. Judgment affirmed.