### WILLIAM F. HERRICK v. LOUIS P. NELSON.[1]

February 17, 1933.

No. 29,221.

[1]Reported in 246 N. W. 881.

242

*Samuel A. Anderson* and *Russell M. Carlson,* for appellant.
*Jackson, Walsh & Yackel,* for respondent.

HILTON, JUSTICE.

Plaintiff appeals from an order denying a motion for a new trial.

Plaintiff's automobile and that of defendant collided while traveling in opposite directions on highway No. 35 in Wisconsin. Plaintiff sued to recover for damages claimed to have resulted from the negligence of defendant. Defendant in his answer denied such negligence, alleged that the negligence of plaintiff was the proximate cause of the accident, and counterclaimed for damages. The usual reply was interposed. The case was tried to a jury. No requests for instructions were made. The court submitted the question of contributory negligence to the jury. The question was properly raised by the pleadings. H. L. Elliott Jobbing Co. v. C. St. P. M. & O. Ry. Co. 136 Minn. 138, 161 N. W. 390. The court also correctly charged the jury as to statutory and common law negligence. The jury brought in verdicts in which it found that there was no liability on the part of either defendant or plaintiff. The only point raised on this appeal is that the court erred in submitting the question of contributory negligence to the jury, it being claimed that there was no evidence in the case justifying it, and hence that the motion for new trial was improperly denied.

The statute law of Wisconsin, pleaded by both parties, provides [Wisconsin St. § 85.01]:

"Whenever the operators or drivers of vehicles * * * shall meet on any highway each shall reasonably drive his vehicle * * *

to the right of the middle of the traveled part of the highway so that each shall have one-half of the roadway and that they may pass without interference."

A violation of this law constitutes actionable negligence. Plaintiff's position is that the only question in the case was as to which car was on the wrong side of the road. Each party claimed, with supporting evidence, that his own car was on the right side and that the other car was on the wrong side. Plaintiff correctly contends that the accident could not have happened if the statute had been complied with and each car had been on its proper portion of the road, and argues that one or the other of the litigants should have had a verdict for damages sustained. In the absence of any evidence other than as to which party was in the wrong in that regard, there would be force to that argument.

Each party alleged and testified that the other drove his car on the wrong side of the road in violation of the statute. Each alleged that the other negligently failed to have his automobile under reasonable or proper control, negligently failed to keep any proper lookout, and negligently so ran, operated, and propelled his automobile as to endanger the safety of the other, and that the accident and injuries were caused solely by reason thereof. In addition defendant alleged that plaintiff operated his automobile at a careless, negligent, and unlawful rate of speed.

Evidence was introduced to substantiate their respective claims. Among other things, for plaintiff, there was evidence that defendant turned his car over on plaintiff's side of the road and ran into his car. One witness for defendant testified that plaintiff came swiftly over a knoll and, after making a curve within 100 feet of the place of the accident, had difficulty in handling his car in the loose gravel; that at the time of the accident plaintiff's car was at least in the middle of the road; that the highway was 27 feet wide, with room for three cars to pass. There was evidence that plaintiff was proceeding at a high rate of speed. The left front wheels of the cars interlocked. Both cars were badly damaged. Plaintiff's car after the collision proceeded a distance of between 70 and

80 feet, knocked down a guard post, and overturned in the ditch. Defendant's car went only a short distance and remained standing crosswise of the road, with its rear wheels near the edge of defendant's right side of the road.

As to what place in the highway the accident really happened and the manner of its happening presented a fact issue for the jury. There was something more in the case than the simple question as to which party offended by being off his right side of the road. The jury could have, and probably did, disbelieve the testimony of both parties as to their respective claims of being clear over on the proper side of the road. Under the evidence it could have concluded that plaintiff was proceeding in the middle of the road, at a high rate of speed, without exercising proper care under the existing road conditions; that defendant, with plenty of room to avoid the accident, suddenly turned his car to the left and struck plaintiff's car. After correctly charging that one or the other of the parties was entitled to recover for damages sustained if the jury found that such prevailing party was free from negligence and that the negligence of the other was the proximate cause of the accident, the court stated:

"If both Herrick and Nelson were negligent and the negligence of both of them caused the accident, then neither Herrick nor Nelson is entitled to recover."

The charge was correct. The question of contributory negligence was properly submitted to the jury. Cases cited by plaintiff in which the assigned error was that the court submitted the case to the jury upon a point upon which there was no evidence are not helpful.

Affirmed.