ELIZABETH MAE SMITH v. THE EMPORIUM MERCANTILE COMPANY, INC.[1]

December 8, 1933.

No. 29,666.

---

[1]Reported in 251 N. W. 265.

*Bundlie & Kelley,* for appellant.
*Fred O. Dressel* and *Alphonse A. Tenner,* for respondent.

*OLSEN, Justice.*

Defendant appeals from an order denying its alternative motion for judgment notwithstanding the verdict, or, if that be denied, then for a new trial. The trial court denied the motion for judgment and denied the motion for a new trial on condition that plaintiff consent to a reduction of the verdict to $1,800. Such consent was given and filed. Defendant had moved for a directed verdict at the close of the evidence.

The defendant operates a large department store in the city of St. Paul. On October 17, 1929, plaintiff came into the store, as she states, to look at some dress goods or dresses. She had often been in the store and was familiar with it. When she came in she started to go first to the rest room on a balcony up from the main floor. In walking on the main floor towards the steps leading up to the balcony, her right foot struck against the corner of a platform on the right side of the passageway or aisle she was following, and she stumbled and fell to the floor.

This platform was a movable wooden platform, used for the purpose of displaying thereon articles of merchandise such as washing machines and other household articles not suitable to be displayed on counters or tables. The platform was 15 feet long and four feet nine inches wide. It was, as indicated by the photographs, some five or six inches high, or, as estimated by plaintiff, about four inches high. It stood lengthwise along an interior wall or partition in the building. The aisle or passageway in which plaintiff walked passed in front of this platform. There were cross aisles leading past each end of the platform. The nearest point of any table or counter to the platform was a table diagonally across the aisle from one corner of the platform at a distance of four feet. These aisles or passages in the store are not aisles constructed as part of the building, but are mere passageways between the counters, tables, and platforms on which goods are displayed. The aisle here in question was, however, a fixed aisle in the sense that it was continually used as a passageway with comparatively straight lines.

The negligence claimed by the plaintiff is that defendant permitted the platform in question to protrude into the aisle in front thereof and thereby caused her fall, the particular claim being that the platform did not stand back against the wall but stood out some seven or eight inches therefrom. On direct examination, when asked how far the platform stuck out into the aisle in which she was walking, plaintiff testified: "I think about seven or eight inches." On cross-examination, she testified that she did not know whether or not the platform was up against the wall; and again, in testifying in reference to the photographs showing the platform standing against the wall, she stated: "Well, the only difference is that I feel the platform was out more from the wall; it was not against the wall." After she fell she arose or was assisted to rise and proceeded to the rest room on the balcony. She testified that she looked and said to an employe of defendant that the platform was out too far, and that he answered, "Yes, it has been like that for four or five days. * * * It is out too far."

We have endeavored to give substantially plaintiff's version of the situation, as we are required to do on this appeal. The only

dispute as to the situation at the time of the accident is whether the platform was standing up against the wall or was, as estimated by plaintiff, seven or eight inches out from the wall. Accepting plaintiff's testimony on that question, and no other witness was produced by her as to the situation, we find no evidence sufficient to go to the jury on the question of defendant's negligence.

That this aisle had a fixed width in front of this platform is not shown. There are uncontradicted facts, in part shown by plaintiff's testimony and the rest by defendant's evidence, substantially as follows: There was ample aisle space for passage in front of and past the ends of the platform. There was no crowd, and the nearest person to plaintiff in the aisle was some six feet ahead of her. There was nothing to distract her attention, and she was looking ahead. The platform was painted or stained a dark color. The floor was light gray tile. There was nothing on or about the platform tending to cover or obscure the outlines thereof. There were on the platform some washing machines and other articles, and an employe was standing thereon to demonstrate the washing machines. The platform was such as is ordinarily used in this and other department stores for the display of merchandise and was being used in the ordinary and customary way. The store was properly and sufficiently lighted.

■ There is no dispute as to the applicable rules of law. The duty of a shopkeeper is to keep and maintain his business premises, including passageways, in a reasonably safe condition for use of customers or invitees. The shopkeeper is not an insurer of the safety of customers and is liable only for injuries resulting from his negligence. Johnson v. Ramberg, 49 Minn. 341, 51 N. W. 1043; Byard v. Palace Clothing House Co. 85 Minn. 363, 88 N. W. 998; Albachten v. The Golden Rule, 135 Minn. 381, 160 N. W. 1012; Ober v. The Golden Rule, 146 Minn. 347, 178 N. W. 586; Dore v. Swift & Co. 175 Minn. 545, 221 N. W. 904; Mullen v. Sensenbrenner Merc. Co. (Mo. Sup.) 260 S. W. 982, 33 A. L. R. 176, and note, p. 181.

■ Where an ordinary device, such as this platform, customarily used in stores for the display of goods, is placed in a well lighted position, is plainly observable, with nothing to conceal its presence

and outlines, and with sufficient passageways going by it, the shop-keeper should not be held negligent as to one heedlessly colliding therewith. Johnson v. Ramberg, 49 Minn. 341, 51 N. W. 1043; Albachten v. The Golden Rule, 135 Minn. 381, 160 N. W. 1012; Dehn v. Buck, 165 Minn. 310, 206 N. W. 435; Merrill v. Morris Court, Inc. 180 Minn. 565, 231 N. W. 231; Hart v. Grennell, 122 N. Y. 371, 25 N. E. 354; Reed v. L. Hammel Dry Goods Co. 215 Ala. 494, 111 So. 237; Mullen v. Sensenbrenner Merc. Co. (Mo. Sup.) 260 S. W. 982, 33 A. L. R. 176, and note 2, p. 188. To hold otherwise would impose too high a degree of care upon a shop-keeper and in effect make him an insurer of the safety of customers.

■ Plaintiff's testimony, that at the time she was assisted to arise an employe of defendant, in answer to her statement that the platform was out too far, said yes, it was out too far and had been that way for four or five days, adds nothing to the facts as we have stated them. A mere clerk or salesman in the store could not bind the defendant by any such statement or establish negligence on the part of the defendant by any mere conclusion or opinion on his part. Greene v. Dockendorf, 13 Minn. 66, 70; Van Doren v. Bailey, 48 Minn. 305, 51 N. W. 375; Parker v. W. & St. P. R. Co. 83 Minn. 212, 86 N. W. 2; Whitney v. Wagener, 84 Minn. 211, 87 N. W. 602, 87 A. S. R. 351; H. L. Elliott J. Co. v. C. St. P. M. & O. Ry. Co. 136 Minn. 138, 161 N. W. 390; Longman v. Anderson, 160 Minn 15, 199 N. W. 742; Eberlein v. Stockyards M. & T. Co. 164 Minn. 323, 204 N. W. 961; 22 C. J. p. 367, § 440, and notes 6, 7, and 8, p. 375, as to admissions of agents and employes. This clerk had no authority to make such admissions.

The question of plaintiff's contributory negligence and the question of the release presented by defendant need not be here considered. The defendant was entitled to a directed verdict, and its motion for judgment notwithstanding the verdict should have been granted.

The order appealed from is reversed with directions to the trial court to order and enter judgment for the defendant.