## C. R. CLELAND v. ANCHOR LAUNDRY COMPANY.[1]

January 26, 1934.

No. 29,768.

*Cobb, Hoke, Benson, Krause & Faegrc, Bradshaw Mintener,* and *Nathan A. Cobb,* for appellant.

*A. H. Sanzenback* and *R. M. McCareins,* for respondent.

*HOLT, Justice.*

Defendant appeals from the order denying its motion in the alternative for judgment notwithstanding the verdict or a new trial.

Three errors are assigned in this court: (a) The verdict is not justified by the evidence; (b) the court erred in denying judgment notwithstanding the verdict; and (c) the court erred in submitting to the jury the issue of whether or not plaintiff was an employe of defendant.

The first two assignments of error present one question only; for, if the evidence does not support the verdict, defendant is en-

[1]Reported in 252 N. W. 453.

titled to judgment notwithstanding the verdict. The action is to recover for personal injuries received in defendant's laundry through its alleged negligence.

The evidence showed that the wash room of the laundry is a large room with three rows of washers, with passageways between and also along the side walls. Over the passageway along one of the side walls is a balcony about 15 feet above the floor. An escaltor carries the soiled clothes up to this balcony, where an employe sorts them according to color, placing the white into a bag which when filled is tossed over the balcony railing onto the passageway below. Such a bag weighs about 20 pounds. Plaintiff attends to removal of the ashes from the laundry. These ashes, as taken from the furnace, are dumped or shoveled into a pit under the sidewalk. This pit has to be cleaned out about twice a month. At those times plaintiff usually enters the laundry room and walks in one of the passageways mentioned to the office for his pay. On the day in question, as he was so walking in the passageway under the balcony, the employe tossed over the railing a bag of clothes, which struck plaintiff, inflicting the alleged injury to his neck and shoulder. The employe noticed plaintiff just as she let go of the bag and cried out a warning, but too late.

We think plaintiff must be regarded as an invitee in the laundry room. He had business to transact in the office, and the passageway wherein he was hurt appears to be a proper or usual one in going to and from the office. The question, then, is whether it was negligence to drop 20-pound bags 15 feet down in this passageway without timely warning to those who might be found there. Plaintiff testified he did not know of this practice. As an invitee, the defendant owed plaintiff the duty of exercising ordinary care so as not to injure him. Dropping such articles as the bag in question from this balcony upon plaintiff walking below could well be found a negligent act and a violation of a duty owing to him as an invitee. Had a 20-pound stone or iron been dropped 15 feet into a space where persons were likely to be, without proper warning, there could be no doubt of the act's being negligent. And it appears to us that a

jury could well find that a bag of clothes of equal weight might likewise cause injury. At least, it cannot be held as a matter of law that the practice of so tossing bags into the passageway without adequate warning was not negligence. In Byard v. Palace C. H. Co. 85 Minn. 363, 88 N. W. 998, it was held that a storekeeper must use ordinary care to protect customers against falling cash or bundle carriers. Certainly where a practice is adopted of dropping things down onto a passageway where invitees might be, ordinary care would require that invitees be warned in time or the passageway be barred.

There is no evidence contradicting plaintiff that he did not know of the practice of dropping bags in this passageway, and the evidence is clear that he had not timely warning of this bag dropping down so as to avoid the blow. Hence his contributory negligence did not appear.

The main contention of defendant is that plaintiff as a matter of law was its employe; and hence his remedy is under the workmen's compensation act. The principal cases relied on to establish this proposition are Wass v. Bracker Const. Co. 185 Minn. 70, 240 N. W. 464, and Carter v. W. J. Dyer & Bro. 186 Minn. 413, 243 N. W. 436. Plaintiff cites the two subsequent cases of Fuller v. Northern States Power Co. 189 Minn. 134, 248 N. W. 756, and Myers v. Villard Creamery Co. 189 Minn. 244, 248 N. W. 824. Only the Wass case need be considered, for in the other three the findings of the industrial commission were sustained to the effect that under the definitions contained in the compensation act the relation of employe and employer existed. In those three cases a minority only were of the opinion that the workman seeking compensation was as a matter of law an independent jobber or contractor. The instant case is distinguishable from the facts in the Wass case in this: Plaintiff was in the business of hauling ashes in winter. He dealt in a small way in wood and hauled trunks and furniture. He had about 60 customers whose ashes he hauled away. He had a truck for this purpose and employed two men. He made his own arrangements for the disposal of the ashes. He supervised the work of his men, solicited the work, and collected the pay. If the ashes

from defendant's pit did not make a truck load, he loaded on the ashes of other customers. He was his own boss. Defendant did not concern itself with the manner in which he got the ashes out of the pit or where he disposed of them. Defendant's foreman testified that plaintiff was not an employe in the laundry and that the witness had no authority over plaintiff. Plaintiff does not appear to be on defendant's pay-roll, the money paid him being charged to the "boiler room." We think the evidence justified the jury in finding that plaintiff was not an employe of defendant at the time of his injury. Plaintiff could be found a small jobber in a business of his own. His two men who did the actual work in emptying defendant's ash pit must look to plaintiff for protection under the workmen's compensation act and not to defendant. And if the men doing the actual work must do so, it would seem that plaintiff, who merely secured the job, did the bossing, and collected the pay, is in no better position to claim the benefits of the compensation act as defendant's employe.

The order is affirmed.