JOHN BERGQUIST *vs.* CITY OF MINNEAPOLIS.

February 7, 1890.

| 42 | 471 |
| J60 | 431 |
| J60 | 438 |
| 42 | 471 |
| 71 | 342 |
| 42 | 471 |
| 83 | 231 |
| 54LRA138n | |

Master and Servant—Fellow-Servants.—Plaintiff was employed by the city as a laborer, excavating a trench in the earth for the laying of water-pipes. Upon other laborers in the same employment, and working in connection with plaintiff, devolved the duty of putting in wooden curbing as the work of excavation progressed, and, as the laborers saw the need of it, to prevent the earth falling into the trench. *Held,* that such laborers were fellow-servants with the plaintiff, for whose negligence in putting in the curbing the city was not responsible.

Appeal by plaintiff from an order of the district court for Hennepin county, *Hicks,* J., presiding, refusing a new trial in an action to recover $10,862, for personal injuries.

*W. H. Adams,* for appellant.

*Robert D. Russell,* for respondent.

DICKINSON, J. This is an action to recover damages for injuries caused by the alleged negligence of the city. At the trial, after the plaintiff had presented his case, the court dismissed the action, it being considered that the negligence shown, which resulted in the injury complained of, was the negligence of the plaintiff's fellow-servants, for which the city was not responsible.

The case justified the dismissal of the action, and for the reason above stated. The plaintiff had been in the service of the city for

some three weeks, engaged in making excavations in the streets for the laying of water-pipes, and was thus engaged at the time of the accident, associated with many other laborers in the same work. All of these men were under the general control of a foreman employed by the city. In carrying on the work of excavation it was necessary to support the earth forming the walls of the ditch. The proper method of doing this was by placing planks perpendicularly against the side walls of the ditch, and by bracing these by timbers extending across the ditch from side to side. The planks were then driven down as the excavation became deeper. All of this work was done by laborers in the same general employment as the plaintiff, and was carried on in immediate connection with the work of excavating the earth. These laborers did this, without particular direction, as the work of excavation progressed, and as they saw the necessity for such protection. Proper material was provided for that purpose. At the time of the accident the plaintiff was shovelling in the ditch, which was then some six feet deep. Some curbing had been put in while the plaintiff was in the ditch; and, while further work was being done to hold the earth in place, the curbing fell in, causing the injury complained of. The only negligence shown was in the manner in which the curbing was done, but this was clearly the negligence of fellow-servants of the plaintiff, and the city was not responsible. There can be no doubt upon the evidence that the men engaged in putting in the curbing as the excavation progressed must be deemed to have been fellow-servants with the plaintiff, engaged in the same general employment. In this particular the case is similar to that of *Lindvall* v. *Woods*, 41 Minn. 212, (42 N. W. Rep. 1020.)

Order affirmed.