Edwin H. Marsh *vs.* Gustavus Herman and others.

December 21, 1891.

Master and Servant—Negligence of Fellow-Servant.—Where the general work in which several servants are engaged includes the construction or preparation of the appliances with which they are to work, as where they are engaged in erecting a building, and they construct the scaffold on which they are to stand in doing the work, they are to be deemed fellow-servants, as well in respect to the negligence of one of them in constructing such appliances as in respect to negligence in doing any other of their work.

Appeal by plaintiff from an order of the district court for St. Louis county, *Stearns*, J., presiding, refusing a new trial after verdict directed for defendants, in an action to recover $10,328 for personal injuries.

47 537
56 72

47 537
J 60 431
J 60 439

47 537
73 331
73 332

47 537
83 231
54 LRA 111n

*Hollembaek & Wood,* for appellant.

*R. R. Briggs,* for respondent.

GILFILLAN, C. J.    The action is for injuries caused, as alleged, by the defendants' negligence.    At the close of the plaintiff's case the court below, on defendants' motion, directed a verdict for defendants. The case shown by the evidence was this:    Defendants were erecting a building at New Duluth, and plaintiff and others were employed by them to do a part of the work.    To enable them to do certain of the work it was necessary to have a scaffold for them to stand upon.    This, which extended the whole length of the building, was made of horizontal cross-pieces, 12 feet apart, one end of each being nailed to a post in the building, as we understand, the other end being supported by a brace, the upper end of which was nailed to the outer end of the cross-piece, and the lower end nailed to a post, the floor of the scaffold being planks laid on the cross-pieces.    The scaffold was constructed by the men who were to use it.    After the scaffold was constructed, and while the men were standing upon and using it in their work on the building, one of the cross-pieces gave way, and they, including plaintiff, fell to the ground and were injured.    The negligence of defendants is alleged to have been in the use of improper material for the scaffold; in having the cross-pieces, or brackets, as they are called, too far apart; and in not having the braces securely nailed.    There was evidence tending to show that the material used was not such as ought to have been used, and also that the scaffold would have been stronger had the brackets been nearer together, though there was none showing that erecting scaffolds for such a purpose, with brackets that distance apart, was unusual.    Had the accident occurred by reason of the breaking of the material used, we may assume, laying aside the question of assumption of risk because of plaintiff's knowing the material was improper, that the case was one for the jury; and we may also assume that it would have been a case for the jury had the evidence shown the accident to have occurred by reason of the brackets being too far apart. But the evidence shows clearly that it did not occur from those causes. Except for the testimony of one of the witnesses, the cause of the scaffold giving way would have been left to conjecture.    But the tes-

timony of that witness shows beyond question that the bracket gave way because the nails which fastened the lower end of the brace supporting the bracket pulled out, and that they pulled out because there were not enough of them, there being but two, when there ought to have been five or six. That it was negligence to secure the brace with but two, instead of five or six nails, appears.

And this brings the case to the question, was that the negligence of a fellow-servant, within the rule that one servant assumes the risk of negligence by his fellow-servants, or was it the negligence of the defendants, within the rule requiring of a master the use of proper care to furnish his servants a safe place in which, and safe appliances with which, to do their work? There are cases in which the servants employed construct, as a part of their work, such place and appliances, using part of the work done by them as means for doing the remainder. Such a case is that of carpenters working upon a building, and who, as part of their work, construct scaffolds for themselves to stand upon in doing their principal work. Where such is the case, those engaged together in the entire work are, within the rule referred to, fellow-servants, not only in doing the main work, but also the incidental or preparatory work, by means of which they do the main work. *Lindvall* v. *Woods,* 41 Minn. 212, (42 N. W. Rep. 1020;) and *Fraser* v. *Red River Lumber Co.,* 45 Minn. 235, (47 N. W. Rep. 785.) In the latter case the court said: "An important consideration often overlooked is whether the structure, appliance, or instrumentality is one which has been furnished for the work in which the servants are engaged, or whether the furnishing and preparation of it is itself part of the work which they are employed to perform. If it be the latter, then, as well settled by our own decisions, the master is not liable." This case comes within the rule of those two cases. The plaintiff, with the others, was engaged in doing the work which required the scaffold, and he assisted in constructing it. The work of constructing it was but part of the general work in which he was employed.

We have not overlooked the fact that one of the defendants was superintending the work of erecting the building, and that he was present during part, if not all, of the time. the men were em-

ployed constructing the scaffold, and that he gave directions what material to use for it. But it does not appear that he interfered in any way, or gave any directions, in the matter of fastening the material together to form the scaffold. That was left to the men engaged in doing the general work, of which constructing the scaffold was a part.

Order affirmed.

NOTE. A motion for a reargument of this case was denied January 5, 1892.