GEORGE OELSCHLEGEL v. CHICAGO GREAT WESTERN RAILWAY | 73    327
                          COMPANY.                           | 83    231
                                                             | 54 LRA 144n

July 14, 1898..

Nos. 11,103—(198).

Master and Servant—Injury upon Defective Staging—Fellow Servant—Lindvall v. Woods Followed.

> *Held*, in an action brought by plaintiff to recover for injuries received in defendant's employ, and caused by the breaking of a defective plank used by a fellow servant when erecting a temporary scaffold, defendant having provided an abundance of proper material for such purpose, that under the rules laid down in Lindvall v. Woods, 41 Minn. 212, and subsequent cases, plaintiff cannot recover.

Action in the district court for Dakota county to recover $6,750 for personal injuries. The cause was tried before Crosby, J., and a jury, which returned a verdict of $500 in plaintiff's favor. From a judgment entered on the verdict, defendant appealed. Reversed.

*Daniel W. Lawler* and *Albert Schaller*, for appellant.

The liability of a master to his servant arises ex contractu. He contracts against his own negligence, not against the negligence of a fellow servant in the same common employment. Farwell v. Boston, 4 Metc. (Mass.) 49; Brown v. Winona & St. P. R. Co., 27 Minn. 162; Lindvall v. Woods, 41 Minn. 212. It is not the rank of the employee, or his authority over other employees, but the nature of the duty or the service that he performs, that decides the question whether he is a fellow servant or a vice principal. Brown v. Winona & St. P. R. Co., supra; Lindvall v. Woods, supra; Soutar v. Minneapolis Int. Elec. Co., 68 Minn. 18; Friedrich v. City, 68 Minn. 402.

Where the structure is itself part of the work which employees are to perform, and is built by the employees, the master is not liable to any servant for the negligence of his fellow servants in building the same. Fraser v. Red River Lumber Co., 45 Minn. 235; Marsh v. Herman, 47 Minn. 537. Where the appliance used is a mere temporary appliance, which servants provide for themselves

during the progress of the work, and as a part of the work, there is no duty of inspection due from the master, and negligence in the construction of the appliance is not negligence of the master. Soutar v. Minneapolis Int. Elec. Co., supra; Marsh v. Herman, supra; Kimmer v. Weber, 151 N. Y. 417.

Where the master has provided a sufficient quantity of proper appliances and proper material, he will not be held liable to any servant for the negligence of a fellow servant who uses a faulty appliance or defective material. Fraser v. Red River L. Co., supra; Cregan v. Marston, 126 N. Y. 568; Hogan v. Smith, 125 N. Y. 774; Kimmer v. Weber, supra; Kehoe v. Allen, 92 Mich. 464; Rawley v. Colliau, 90 Mich. 31.

We think that the question of safe place is not involved in this case; for it has been decided both in this court and in other courts that a staging is an appliance or instrumentality through the aid of which the work is to be done. Butler v. Townsend, 126 N. Y. 105; Soutar v. Minneapolis Int. Elec. Co., supra; Kimmer v. Weber, supra.

*Frank Ford*, for respondent.

As Ferguson was performing the master's duty in building the platform, it was immaterial whether or not other good boards were at hand. Blomquist v. Chicago, M. & St. P. Ry. Co., 60 Minn. 426; Sims v. American Steel B. Co., 56 Minn. 68.

The principles announced in Fraser v. Red River L. Co., 45 Minn. 235, and Lindvall v. Woods, 41 Minn. 212, cited by appellant have been considerably modified by later decisions. See Carlson v. Northwestern Tel. Exch. Co., 63 Minn. 428; Holman v. Kempe, 70 Minn. 422; Stahl v. City of Duluth, 71 Minn. 341; Sims v. American Steel B. Co., supra; Blomquist v. Chicago, M. & St. P. Ry. Co., supra; Abel v. Butler-Ryan Co., 66 Minn. 16. The courts treat the question of assumption of risk as a question of fact for the jury, and leave them to determine who are fellow servants. Johnson v. Minneapolis G. E. Co., 67 Minn. 141; Voyer v. Dispatch Print. Co., 62 Minn. 393; Abel v. Butler-Ryan Co., supra; Northern P. C. Co. v. Richmond, 7 C. C. A. 485; Wenona v. Holmquist, 152 Ill. 581;

Lake Erie v. Middleton, 142 Ill. 550; Mexican v. Finch, 8 Tex. Civ. App. 409.

The true test as to whether an employee occupies the position of a fellow servant with another employee, or is the representative of the master, is to be determined by the character of the act performed by the offending servant by which another employee is injured; or, in other words, whether the person whose status is in question is charged with the performance of a duty which properly belongs to the master.   Flike v. Boston, 53 N. Y. 549; Drymala v. Thompson, 26 Minn. 40; Tierney v. Minneapolis & St. L. Ry. Co., 33 Minn. 311; Macy v. St. Paul & Duluth R. Co., 35 Minn. 200; Fay v. Minneapolis & St. L. Ry. Co., 30 Minn. 231.   The trial court submitted to the jury whether respondent and Ferguson were fellow servants within the rule above laid down, and, if not, whether Ferguson was negligent in selecting the defective plank used in constructing the platform.   This was proper.   Abel v. Butler-Ryan Co., supra; Johnson v. Minneapolis G. E. Co., supra; Northern P. C. Co. v. Richmond, supra; Arkerson v. Dennison, 117 Mass. 407; Benzing v. Steinway, 101 N. Y. 547; Heckman v. Mackey, 35 Fed. 353; Indianapolis v. Morgenstern, 106 Ill. 216.

A master owes the duty to his servant to furnish adequate and suitable tools, implements and instrumentalities for his use in doing the work required of him by the master, and a safe and proper place in which to do his work.   No one of these duties can be delegated by the master to a servant of any grade, so as to exonerate the master from responsibility to another servant who has been injured by its nonperformance.   Drymala v. Thompson, 26 Minn. 40; Carlson v. Northwestern Tel. Exch. Co., supra; Blomquist v. Chicago, M. & St. P. Ry. Co., supra; Sims v. American Steel B. Co., supra; Abel v. Butler-Ryan Co., supra; Benzing v. Steinway, 101 N. Y. 547; Galvin v. Mayor, 112 N. Y. 223; Kranz v. Long Island, 123 N. Y. 1; Pantzar v. Tilly, 99 N. Y. 368; Green v. Banta, 48 N. Y. Super. Ct. 156; Northern Pacific R. Co. v. Herbert, 116 U. S. 642; Union Pacific Ry. Co. v. Jarvi, 3 C. C. A. 433; Heckman v. Mackey, 35 Fed. 353; Louisville & N. R. Co., v. Ward, 61 Fed. 927; Northwestern F. Co. v. Danielson, 57 Fed. 915; Arkerson v. Dennison, supra; Mulchey v. Methodist, 125 Mass. 487; Moynihan v. Hills, 146 Mass.

586; Elmer v. Locke, 135 Mass. 575; Gilmore v. Northern Pacific (Ore.) 15 Am. & Eng. R. Cas. 304; McNamara v. MacDonough, 102 Cal. 575; Ford v. Lyon, 41 Hun, 512; Holman v. Kempe, 70 Minn. 422; Stahl v. City of Duluth, supra; Cole v. Wood, 11 Ind. App. 37; Cadden v. American, 88 Wis. 409; Sadowski v. Michigan, 84 Mich. 100; Roux v. Blodgett, 94 Mich. 607; Van Dusen v. Letellier, 78 Mich. 492; Morton v. Detroit, 81 Mich. 423; Fox v. Spring Lake, 89 Mich. 387; Fink v. Des Moines, 84 Iowa, 321.

COLLINS, J.

This was a personal injury action in which plaintiff had a verdict. He was in defendant's employ as a machinist's helper in a repair shop, and one Ferguson was a machinist in the same shop. Robb was the foreman of all the shop men, but one Dressel had charge of the gang in which plaintiff worked. On the day of the accident Ferguson was engaged in "stripping" a locomotive which had been run into the shop for repairs, and for that purpose had been placed over the ordinary shop pit. Wishing to remove what is known as the front door of the locomotive, Ferguson, in the presence of plaintiff, erected a temporary scaffold, either just above the pilot, or, if the pilot had been detached, as was testified to by one or two witnesses, just above its usual position, that the door might easily be reached and handled. He used in the construction of this scaffold, and as the flooring thereof, two planks about 5 feet long, 8 inches wide, and 2 inches thick. Ferguson then called on Dressel for a man to assist, and plaintiff was directed by Dressel to render the necessary aid. Both men then mounted the scaffolding, and while removing the door the plank on which plaintiff stood broke in two, and he fell to the bottom of the pit, receiving the injuries for which damages are claimed. The plank broke because a large knot extended clear across it, but the evidence was plenary and undisputed that defendant company had furnished and provided in and about the repair shop an abundance of sound plank and other material out of which a safe and secure scaffold could have been constructed.

1. No question can be raised on the evidence as to the relation between Ferguson and plaintiff while both men were at work in the

shop. They were fellow servants, both engaged in the same common employment,—one as a machinist, the other as a machinist's helper. Ferguson had no general or special authority over the plaintiff, and on the occasion referred to had to call on the gang foreman before he could have plaintiff's services or aid. Nor was there anything in the nature of the work or service which these men performed from which it could be determined that Ferguson was a vice principal. He was in the common employment,—no more the master's representative as to plaintiff than the latter was such representative as to him.

2. The erection of the scaffold was itself a part of the work which was to be performed, its erection being necessary in order that the men might reach and properly handle the door. It was a temporary appliance, built during the progress of the work of "stripping" the locomotive that it might be repaired, and as a part of the work, by plaintiff's fellow servant, one of defendant's employees. Defendant company had provided a sufficient quantity of proper material, and it was plaintiff's fellow servant who disregarded this fact, and used a defective plank. Under such circumstances it has been held by this court, without a single exception, that the master is not liable in case of injury. Lindvall v. Woods, 41 Minn. 212, 42 N. W. 1020; Fraser v. Red River Lumber Co., 45 Minn. 235, 47 N. W. 785; Marsh v. Herman, 47 Minn. 537, 50 N. W. 611; Soutar v. Minneapolis Int. Elec. Co., 68 Minn. 18, 70 N. W. 796. In every one of the cases cited by plaintiff's counsel from our reports the rules herein mentioned and applied were distinctly recognized.

Judgment reversed.

CANTY, J.

I concur in the result.

The majority are still pointing to Lindvall v. Woods, 41 Minn. 212, 42 N. W. 1020, as a landmark; but it seems to me very clear that since the case of Blomquist v. Chicago, M. & St. P. Ry. Co., 60 Minn. 426, 62 N. W. 818, it is the stern of their drifting craft which is pointing to that landmark. The defective scaffold or bench on which plaintiff stood was not an appliance furnished by

the master for the work, but was of a temporary character, constructed as a part of the work. Then the master is not liable unless the foreman was a vice principal, and by reason of his negligence plaintiff was injured. There was, in my opinion, no substantial disparity between the foreman and plaintiff, and therefore the former was not a vice principal. In my dissenting opinion in the Blomquist case I discussed to some extent Fraser v. Red River Lumber Co., 45 Minn. 235, 47 N. W. 785, and Marsh v. Herman, 47 Minn. 537, 50 N. W. 611 (see 60 Minn. 438, 439, 62 N. W. 821), and for the reasons there stated I am of the opinion that plaintiff is not entitled to recover.

On October 7, 1898, the following additional opinion was filed:

COLLINS, J.

In this cause, counsel for defendant having moved for an amendment to the opinion or order of this court filed in the cause July 14, 1898, and both parties having been duly heard, it is ordered that said amendment be, and hereby is, allowed. To the words "Judgment reversed" there are hereby added the words, "and the court below is ordered to enter judgment in favor of the defendant and against the plaintiff, notwithstanding the verdict."