## FIRST STATE BANK OF STORDEN v. JENS B. PEDERSON.[1]

November 14, 1913.

Nos. 18,322—(74).

**Action upon note — fraud — declaration of officer of corporation.**

In an action brought by the assignee of a promissory note against the defendant, the maker, it is *held:*

(1) That the evidence justifies a finding that the note was procured by fraud.

[1] Reported in 143 N. W. 980.

(2) That the evidence justifies a finding that the plaintiff was not an innocent purchaser of the note.

(3) That the rule that the declaration of an officer may be used against the corporation is based upon the doctrine of agency; and a casual declaration of an officer, unconnected with corporate business, is not binding upon the corporation.

(4) That there were errors in the charge requiring a new trial.

Action in the district court for Cottonwood county to recover $100 upon a promissory note. The answer alleged that the note was procured by specified fraudulent representations of one Loffler who claimed to be a physician. The case was tried before Nelson, J., who denied plaintiff's motion for a directed verdict, and a jury which returned a verdict in favor of defendant. From an order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Reversed.

*Knox & Faber,* for appellant.
*Wilson Borst,* for respondent.

DIBELL, C.

This is an action by the plaintiff upon a promissory note made by the defendant to the Sioux Falls Medical Institute, and assigned to the plaintiff for value before maturity. There was a verdict for the defendant and the plaintiff appeals from the order denying its motion for a new trial.

1. One Loffler, representing the Sioux Falls Medical Institute, sought out the defendant on his farm, told him that his wife was affected with tuberculosis and asked employment to treat her. He represented that he had studied in Germany; that he had a treatment for tuberculosis not known to other physicians; and that no one outside of his institute was permitted to make use of it. By preying upon the fears of the defendant he induced the signing of the note. The institution at Sioux Falls was a fake. Loffler went away after getting the note and though some sort of medicine was sent to the defendant it is apparent that no attention was given him after getting the note. Without reciting the misrepresentations in detail it is sufficient to say that the jury were justified in finding

that the whole transaction was nothing but a fraudulent scheme to get the defendant's note.

2. The note was transferred to the plaintiff bank before maturity for value.

The plaintiff's cashier, who transacted the business, knew that Loffler was treating people in the community. There is evidence that prior to the purchase of the note he was present at a conversation wherein the institute was discussed and where it was characterized as a fraudulent one. The defendant lived within two miles of the bank. He was one of its patrons. He was thoroughly responsible financially. The bank purchased on a basis that made a 30 per cent investment. The burden of proof, if the note was procured by fraud, was upon the bank to show that it was a bona fide holder. The evidence was sufficient to justify a finding that it was not a bona fide holder. If we were weighing the evidence we would have no hesitancy in charging the bank with notice of defects in the paper. On the facts there was a clear case of notice.

3. The court permitted evidence of casual declarations made by the cashier of the bank after the purchase of the note and not in connection with the transaction of corporate business tending to show that he had notice of some infirmity in the paper. This was error. The rule which permits the use of the declarations of an officer against his corporation rests on the doctrine of agency; and such declarations do not bind the corporation unless connected with the performance of authorized duties as agent. Browning v. Hinkle, 48 Minn. 544, 51 N. W. 605, 31 Am. St. 691; Whitney v. Wagener, 84 Minn. 211, 87 N. W. 602, 87 Am. St. 351.

4. The court failed to give the jury a proper statement of what constituted actionable fraud. Nor did it accurately state the rules whereby to determine whether the plaintiff was an innocent purchaser. It is not necessary that we go over the charge in detail and recite the errors. Only plain elementary principles are involved and the errors in the charge, though such as to require a new trial, will not be repeated, if moderate care is used. The record is so confused that we find it impossible to consider, with any profit, some of the points made in the briefs.

The case was tried with little regard to rules of evidence or of substantive law. The result is that there must be a new trial. While we have no feeling of tolerance for the practices of the Sioux Falls institute, nor sympathy with banking methods which result in the purchase of paper as the note in suit was purchased, we cannot overlook the errors in the trial.

Order reversed.