## A. A. ANDERSON v. GREAT NORTHERN RAILWAY COMPANY.[1]

July 10, 1914.

Nos. 18,654—(194).

**Evidence — letter inadmissible.**

Where, in an action to recover damages for rough handling and delay in transit of cars of live stock, one of the material issues was as to what were defendant's regular stock shipping days, on which special service was provided, it was reversible error to admit a letter from defendant's claim agent to a third party containing declarations sufficient to turn the scales in plaintiff's favor on such issue, there being nothing to show the agent's authority in the premises.

[1] Reported in 148 N. W. 462.

Action in the district court for Hennepin county to recover $300 for injury to a consignment of live stock. The amended answer set up the contention mentioned in the third paragraph of the opinion. The case was tried before Bardwell, J., and a jury which returned a verdict for $172.41 in favor of plaintiff. From an order denying defendant's motion for judgment in its favor notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*Cobb, Wheelwright & Dille* and *H. C. Mackall,* for appellant.

*Stiles & Devaney, D. C. Edwards* and *C. L. Nichols,* for respondent.

Philip E. Brown, J.

Appeal by defendant from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

The action was to recover damages for rough handling and delay in transit of cars of live stock shipped Monday, March 31, 1913, from La Bolt, South Dakota, to South St. Paul. The former is located on one of defendant's branch lines, over which it operated only one freight train each way daily. The proofs were sufficient to take the case to the jury on each claim and both were submitted, whereupon a general verdict was returned for full damages.

Defendant contended that when the shipment was made, and for some time previous, it ran a regular stock train over the branch line on Wednesday of each week, scheduled so as to effect delivery at South St. Paul for the next morning's market, this result being accomplished by starting the run three hours earlier than on other days having only the ordinary freight train service, whereby connection on the main line was made and rapid transit secured; that plaintiff knew of this special Wednesday service, and that such was not available on other days, but nevertheless shipped on Monday and received the regular service afforded on that and other days than Wednesday. On the other hand plaintiff claimed that Mondays were also stock shipping days, the same as Wednesday, with an 18-hour schedule theretofore maintained on both days, as against 39 hours consumed in the transit in question.

The issue raised by these contentions was as important as any

126 M.—23.

litigated on the trial, there being, moreover, a sharp conflict in the testimony thereon, and the court submitted it to the jury as one of the questions of fact to be determined. During the trial it appeared that a certain stock shipper shipping from a station on defendant's branch line, next west of La Bolt and having the same train service as the latter, received a letter issued out of the office of defendant's claim department, signed by the chief thereof, and dated March 26, 1913, with reference to the time when he should make shipments to South St. Paul. A part of this communication was admitted in evidence, over defendant's objection, reading as follows:

"Our regular shipping days at this point are Mondays and Wednesdays, for which we assure delivery on the following day's market at South St. Paul."

The importance of this letter as bearing on the issues is manifest, as indicated by the terms of plaintiff's offer thereof in evidence, whereby it was claimed to be an admission on defendant's part concerning its regular stock-shipping days. Its contents were clearly sufficient to turn the scales in plaintiff's favor, and, if inadmissible, were prejudicial. No claim is or can be made that the letter related to the shipment here involved, or that plaintiff then knew of its existence. While corporations can act only through agents, and their declarations are considered the same as in cases of admissions of private persons, the same rules apply to both and it is indispensable that the statement, to be binding, must be within the scope of the agent's authority and in the execution of his agency. Browning v. Hinkle, 48 Minn. 544, 51 N. W. 605, 31 Am. St. 691; Whitney v. Wagener, 84 Minn. 211, 214, 87 N. W. 602, 87 Am. St. 351; First State Bank of Storden v. Pederson, 123 Minn. 374, 143 N. W. 980. And, as said by Mr. Justice Mitchell in Vogel v. D. M. Osborne & Co. 32 Minn. 167, 169, 20 N. W. 129, 130:

"The tendency of courts now is to limit the admissibility of evidence of admissions of agents against principals, and keep it within the strict limits of the rules as settled by the cases. Ewell's Evans on Agency, 223."

The record is silent upon the claim agent's relation to defendant's operating department, and fails to show that his declarations were

made in the execution of his agency or that he had any authority to make them. The admission of the latter was error, and, though we are reluctant to reverse for rulings on evidence, it was so plainly harmful as to leave no other alternative. The jury no doubt gave this evidence the weight plaintiff's counsel intended it should have. Defendant, however, is not entitled to judgment but only to a new trial.

Order reversed.