# MATHIAS BERG v. PITTSBURGH CONSTRUCTION COMPANY.[1]

February 11, 1915.

Nos. 19,061—(213).

**Res gestæ — statements of agent.**

1. Statements or admissions made by an agent, so remote from the occurrence to which they relate as not to be part of the *res gestæ*, are inadmissible against the principal, unless authority to speak for the principal be first shown.

**Master and servant — temporary scaffold.**

2. The record herein discloses that the temporary staging, which defendant's servants provided in doing a work which was neither dangerous nor complicated, was not an instrumentality of the sort which it is the master's absolute duty to furnish or inspect.

Action in the district court for Hennepin county to recover $3,000 for injuries received while in the employ of defendant. The case was tried before Molyneaux, J., who denied defendant's motion to dismiss the action, and a jury which returned a verdict for $1,500. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Reversed with direction to enter judgment in favor of defendant notwithstanding the verdict.

*Barrows, Stewart & Ordway,* for appellant.
*Hall, Tautges & Loeffler,* for respondent.

[1] Reported in 150 N. W. 1092.

Note.—Upon the admissibility as *res gestæ* of statements made by agent or servant sometime after the accident, see note in 42 L.R.A.(N.S.) 918.

On the question of the master's liability for negligence of coservants in respect to defective scaffolds, see note in 54 L.R.A. 170. And for the masters' duty as to inspection of instrumentalities, generally, see note in 41 L.R.A. 70.

HOLT, J.

On July 11, 1913, plaintiff, a carpenter, was engaged with others in making alterations in the railway viaduct under the westerly approach of the steel arch bridge in Minneapolis, Minnesota, the changes being rendered necessary in the erection of a new Great Northern depot at that point. During a heavy rainstorm on that day, the water, collecting upon the street above, poured down upon a dirt bank in the viaduct and caused it to wash away. Thereupon the foreman called plaintiff and one Leedham, another carpenter, to protect the bank by a temporary roof. The men could not reach without something upon which to stand. Plaintiff suggested that they make a scaffold. The foreman, in response, said he would have to get something, and then told plaintiff to go up to the street and bring down boards for the roof or sheathing. When plaintiff returned he found two 10-inch planks, 14 feet long, laid side by side, so that one end rested upon the earth embankment and the other over the top of the remnant of a sewer connection—a shaft or well about 6 feet square of stone, about 7 feet of which had been uncovered as the excavations had been made in the progress of the work. Plaintiff testified that he heard afterwards that the foreman and Leedham had placed the planks there. Plaintiff and Leedham, without any express direction from the foreman, undertook to get up on this staging and nail up the sheathing; but, before doing so, plaintiff concluded that the bearing power of the planks was not sufficient to safely support them, and, at his suggestion, the two placed one plank on top of the other and then proceeded with the work. When over or near the edge of this sewer shaft something gave way, precipitating the two men to the bottom of the shaft, some 20 feet below. Plaintiff does not know the cause of this accident, unless an inference is permissible from the fact that a piece of stone was upon or under his ankle when he was picked up after the fall. He, however, was allowed to testify that several days after the injury defendant's superintendent told him that part of the stone of the shaft, upon which the planks had been laid, had broken off. Plaintiff had a verdict against his employer. The appeal is from the order denying defendant's motion

in the alternative for judgment notwithstanding the verdict or a new trial.

The negligence charged in the complaint was (1) furnishing plaintiff an unsafe place wherein to work, and (2) selecting a defective scaffold support. The only witness to the circumstance of the accident was plaintiff, but it was stipulated that the jury could consider his fellow servant, Leedham, to have been present and testified to the same facts.

It is clear that the statement of the superintendent as to the cause of the accident, made several days thereafter, was erroneously received over defendant's objection that it was incompetent and no foundation laid. The superintendent was an agent only of the defendant, and could not by his admissions subsequent to the occurrence bind his principal in the absence of authority so to do. 1 Dunnell, Minn. Dig. §§ 3410, 3418. The suggestion is made that defendant, by failing to move to strike out the objectionable testimony after it was received, waived the error. It is not necessary to consider that proposition, because, for other reasons, there can be no recovery.

The evidence demonstrates that the use of the planks, the embankment, and the sewer shaft for temporary staging was but an incident in the rather simple work there required to be done by defendant's employees. Neither the foreman nor Leedham can be considered anything but fellow servants in selecting the planks and the supports for the same. The condition of the sewer shaft was as obvious to plaintiff as to those men. He assisted in shifting the planks after Leedham and the foreman had placed them in position. To hold that the master was chargeable with an absolute duty to see that the instrumentalities made use of in this case for a temporary staging were reasonably safe would be adopting a rule virtually making the employer an insurer of the employees' safety, no matter how simple or easily understood the means adopted by the employees to accomplish a task neither complicated nor dangerous. We are unable to distinguish this case from the facts which were held to give no cause of action in Soutar v. Minneapolis International Ele. Co. 68 Minn. 18, 70 N. W. 796, and Bell v. Lang, 83 Minn. 228, 86 N. W.

95. The servants in the case at bar made use of the sewer shaft as a temporary support while engaged in the simple work of nailing up some boards to overcome an emergency; the box in the Soutar case, and the tree in the Bell case were made use of for a similar purpose in the course of the work in hand. See also Lindvall v. Woods, 41 Minn. 212, 42 N. W. 1020, 4 L.R.A. 793; Bergquist v. City of Minneapolis, 42 Minn. 471, 44 N. W. 530; Marsh v. Herman, 47 Minn. 537, 50 N. W. 611; Oelschlegel v. Chicago G. W. Ry. Co. 73 Minn. 327, 76 N. W. 56, 409, wherein attention is called to the fact that the master is not held to the responsibility of inspecting and seeing to the safety of the temporary appliances which the servants construct or make use of in the performance of work which is neither so dangerous nor so complicated as to require supervision or plans to adequately and reasonably protect the servants. The cases upon which plaintiff relies are so clearly distinguishable from the rule which must be applied to the facts in the instant case that we need not discuss them.

It is apparent that plaintiff is in no position to make a better case on another trial, hence judgment should go for defendant.

Ordered that judgment be entered for defendant notwithstanding the verdict.