## CHARLES V. McCOY v. CITY NATIONAL BANK OF DULUTH.[1]

February 19, 1915.

Nos. 19,014—(227).

**Bank — title to deposit.**
    1. In a suit against the King Commission Co. (a corporation) defendant

[1] Reported in 151 N. W. 178.

bank was garnished and disclosed an indebtedness to the commission com-
pany. Judgment was rendered against the bank upon its disclosures and
the judgment was paid. Thereafter plaintiff brought this suit to recover
the money from the bank, claiming that, although it had been deposited
in the name of the King Commission Co., it in fact belonged to one A. A.
King and that his title thereto had passed to plaintiff. *Held*, that there
was no evidence sufficient to sustain a finding that the money did not belong
to the corporation.

**Bank — admissions of officer.**

2. Statements of officers of the bank made in a casual conversation with
plaintiff, or in an affidavit procured by plaintiff for his own purposes, are
not admissions of the bank, nor evidence against the bank.

**Exclusion of testimony.**

3. The exclusion of testimony is not reversible error, unless it appear
affirmatively that such testimony was relevant and material.

Action begun in the municipal court of the city of Duluth to
recover $59.41. The case was tried before Windom, J., who at the
close of the testimony denied plaintiff's motion for a directed verdict
and granted defendant's motion for a directed verdict. From an
order denying plaintiff's motion for judgment notwithstanding the
verdict or for a new trial, he appealed to the district court for that
county, where the order of the municipal court was affirmed, Ensign,
Cant and Hughes, JJ. From the order of the district court, plaintiff
appealed. Affirmed.

*Charles V. McCoy* and *Thorwald Hansen,* for appellant.
*Benjamin M. Goldberg* and *Edmund Ingalls,* for respondent.

TAYLOR, C.

On September 7, 1911, one R. C. Hawkins brought suit against
the King Commission Co. (a corporation), in the municipal court of
the city of Duluth, and garnished the City National Bank. On
September 23, the bank disclosed an indebtedness to the defendant,
the King Commission Co., of $59.41. Thereafter the main action
was tried, and, on November 17, 1911, judgment was entered in favor
of Hawkins and against the King Commission Co. (a corporation),
for the sum of $165.01, and against the garnishee, the City National

Bank, for the sum of $59.41. The bank paid and satisfied the judgment against itself the same day it was rendered.

On October 16, 1911, Albert A. King, doing business as A. A. King Warehouse Co., filed a voluntary petition in bankruptcy and was adjudged a bankrupt. He did not list any claim against the bank, in his schedule of assets, but on October 26 procured an order from the United States court to show cause why Hawkins should not be restrained from prosecuting his action, and why the garnishment should not be vacated, on the ground that the suit was against him under the name of the King Commission Co., and that the bank deposit belonged to him. On November 7, the United States court denied his application and vacated the order to show cause. On November 18, 1911, the trustee in bankruptcy, claiming that the money paid by the bank to Hawkins belonged to the bankrupt estate, procured an order from the referee in bankruptcy requiring both Hawkins and the bank to show cause why they should not pay such money over to him as such trustee. After a hearing at which all parties were represented, the referee dismissed the application by an order which recites that judgment had been entered against the King Commission Co., a corporation, in favor of R. C. Hawkins; that the City National Bank, under garnishee process, had disclosed that it had the sum of $59.41 belonging to the King Commission Co.; that the judge of the United States court had denied an application to vacate the garnishment; that judgment had been entered against the bank for the sum of $59.41, and had been paid by the bank; that the King Commission Co. is a corporation; and that it nowhere appeared in the bankruptcy schedules that Albert A. King ever did business under the name of the King Commission Co.

In January, 1912, the trustee in bankruptcy sold to C. V. McCoy all the book accounts and claims of the bankrupt for the sum of $20 and, for the purpose of this decision, we shall assume that, if King had any claim against the bank at the time he was adjudged a bankrupt, title thereto passed to McCoy. McCoy had been attorney for the King Commission Co. in the Hawkins suit, and for King in his bankruptcy matter, and in consequence was familiar with all the proceedings. Soon after purchasing the claims of the bankrupt,

McCoy brought the present suit in the municipal court of the city of Duluth to recover the above mentioned $59.41 from the bank. The municipal court directed a verdict for defendant. McCoy made a motion for judgment notwithstanding the verdict or for a new trial. This motion was denied and he appealed to the district court which affirmed the order of the municipal court. A further appeal brings the cause before this court.

Unless the money in controversy belonged to King personally and not the corporation, plaintiff has no claim to it. In the Hawkins suit it was expressly found by the court that the defendant, the King Commission Co., was a corporation. In the present suit it is expressly admitted in the pleadings that there is a corporation of that name, and that the money in controversy was deposited in the bank in that name. To entitle him to recover, it was incumbent upon plaintiff to prove that the money belonged to King personally and not to the corporation. Plaintiff called the assistant cashier of the bank for cross-examination. He testified in substance that the King Commission Co. had an account with the bank, and had $59.41 on deposit therein on October 16, 1911; that this account had been opened by King and some of the deposits had been made by him; that checks upon the account were signed: "King Commission Company by A. A. King;" that King was connected with the Commission Company but in what capacity the witness did not know; and that King individually had no deposit in the bank whatever. Plaintiff also called King as a witness and asked him this question: "At the time of your filing your petition in bankruptcy and prior to that time did you have money on deposit at the City National Bank of Duluth?" To which he answered: "I had." This is the only testimony given by King. All other questions asked him were ruled out, and as such rulings are not assigned as error they cannot be considered. The foregoing is all the evidence in the case to show that the money in controversy belonged to King and not to the corporation, and is wholly insufficient to sustain a verdict in favor of plaintiff. The only testimony tending to show that King had money in the bank was his own statement above quoted; and he failed to state any amount whatever,

or any facts tending to show that the money standing in the name of the commission company belonged to him. The statements of officers of the bank made in a casual conversation with plaintiff, or in an affidavit procured by plaintiff for his own purposes, were not admissions of the bank nor evidence against the bank. First State Bank of Storden v. Pederson, 123 Minn. 374, 143 N. W. 980; Berg v. Pittsburgh Construction Co. 128 Minn. 408, 150 N. W. 1092; Browning v. Hinkle, 48 Minn. 544, 51 N. W. 605, 31 Am. St. 691.

Plaintiff asked the assistant cashier whether, on October 16, 1911, he knew that the money in the bank to the credit of the King Commission Co. belonged to Albert A. King; and also asked him to state to whom it belonged, if he knew. Both questions were excluded and the rulings are assigned as error. The court might well have permitted these questions to have been answered, but, as the evidence stood, it was not reversible error to exclude them. There had been no evidence tending to show that the money belonged to any one other than the commission company. It appeared quite clearly that the witness had no knowledge of any facts tending to show that the money did not belong to the company. There was no evidence indicating, and no offer to show, that he knew of, or could testify to, any facts or circumstances tending to prove that it belonged to King. The exclusion of testimony is not reversible error, unless it appear affirmatively that such testimony was relevant and material. 3 Dunnell, Minn. Dig. § 9717. No such showing was made in the present case.

The other errors assigned all relate to evidence bearing upon the question as to whether King's claim against the bank had been transferred to plaintiff. We have assumed that the claim had been properly sold and assigned to plaintiff and the rulings complained of, whether right or wrong, could not have changed the result.

Order affirmed.