## SIGNA T. LONGMAN v. RACHAEL ANDERSON AND OTHERS.
## RAMALEY BOAT COMPANY, APPELLANT.[1]

June 20, 1924.

No. 23,891.

**Question for jury.**
    1. Record examined and *held* that the question of contributory negligence was for the jury.

**When declarations of officer of corporation are admissible against it.**
    2. Statements or declarations of an officer of a corporation are admissible against a corporation only when made in the course of the performance of their authorized duties as agents so that they constitute a part of their conduct as agents—a part of the res gestae.

**When such statements are inadmissible.**
    3. Such statements when made in casual conversation, and not

[1]Reported in 199 N. W. 742

made in the scope of the agency while transacting business for his principal, nor in relation to a transaction or matter then depending in which he was acting or called upon to act or speak for his principal are inadmissible.

**Hearsay.**
    4. Such statements relating to past transactions are hearsay.

**Received not as admissions but as part of res gestae.**
    5. Such statements of an officer of a corporation are not received as admissions but as a part of the res gestae.

Action in the district court for Hennepin county by the special administratrix of the estate of Carl H. Longman, deceased, to recover $7,700. The case was tried before Buffington, J., who when plaintiff rested and at the close of the testimony denied the motion of the boat company for a directed verdict, and a jury which returned a verdict for $3,500 against defendants Anderson and Ramaley Boat Company. The motion of defendant boat company for judgment notwithstanding verdict, was denied. From the judgment entered pursuant to the verdict, Ramaley Boat Company appealed. Reversed.

*Kingman, Cross, Morley & Cant,* for appellant.
*Olof L. Bruce,* for respondent.

WILSON, C. J.

The defendant Ramaley Boat Company has appealed from a judgment entered in favor of plaintiff against it, pursuant to a verdict for $3,500 as damages on account of the death of Carl H. Longman which occurred by reason of his being struck down by an automobile driven by defendant Rachael Anderson. Her father, John Anderson, another defendant, was riding with her and the verdict was against all the defendants. The special administratrix of the estate of decedent brought this action for the benefit of the widow and two children.

Appellant is engaged in the business of building boats, having its place of business at Wayzata. J. E. Ramaley is its manager and treasurer, and as such looks after the business of the corpor-

ation. It has an office and keeps books of account. Rachael Anderson has been its bookkeeper for more than two years. She lived with her father. They kept an automobile. Appellant had no interest in, nor connection with, this automobile. It was used at times by the bookkeeper in going to and from her work. The books were kept in the office and put in a vault therein at night.

On September 14, 1921, decedent, with his wife and one Carl Johnson were driving in an automobile on Minnetonka Boulevard, and they had a flat tire. They stopped to make a change, near or under a street light at the edge of the street. This street had a paving of about 18 feet in width. The car was brought to a standstill at the righthand side of the street with the left wheels only remaining on the pavement. While decedent was at the rear of his car taking off the extra casing, which was carried there, in the usual way, and was in a sitting position in this work, he was struck by the Anderson car operated by Rachael Anderson. At the close of her work on that day at about 5:30 p. m. her father had come for her in the car and she had gone with him to their home, and after having their evening meal they started to drive in to Minneapolis. On this trip the Anderson car ran into the rear of the Longman car and decedent was crushed between the cars causing his death almost immediately. This happened at about 7:15 p. m. and it was then about dark and was raining lightly.

At the time of this unfortunate incident Rachael Anderson had with her in the car the account books and a small adding machine belonging to her employer. The presence of these books and machine is explained by Rachael Anderson in this way: She had had trouble for two or three weeks in getting a balance. She was just a few cents off in the balance. She had a cousin Helen Carlson, in Minneapolis, who was a stenographer and she concluded to visit her on the evening in question, and she thought that her cousin would check over with her. She went there to have help in checking the figures. She took the books and machine without the knowledge or consent of her employer and was giving her time to this work outside of her regular hours. No one other than her father knew of the trip to her cousin's or the purpose thereof. She

was supported in this version by appellant. In opposition thereto, for the purpose of attempting to show that, at the time of the collision, Rachael Anderson was acting in the course of her employment and in furtherance of her employer's business, the plaintiff, put in evidence, partly over the objection of appellant, the following testimony:

Signa T. Longman: "She (Miss Anderson after the accident) said she was taking her employer's books to the city to have them audited."

Sheriff Earl Brown: "She (Miss Anderson) told me she was in the employ of the Ramaley Boat Works, one of the boat works at Wayzata, and she was bringing their account books into town that night * * *. It is my recollection that she said she was bringing them in to do some work on them, she was their bookkeeper."

Verney L. Johnson testified that, on the day following the accident, he was at the hospital where Miss Anderson was and Mr. J. E. Ramaley was there, and they talked in a casual way, and "then Mr. Ramaley said that arrangements had been made to take the books in to Minneapolis inasmuch as Miss Anderson was having difficulty with them * * * he volunteered the information."

Appellant's motion to strike out all the foregoing testimony was denied, and the trial court submitted to the jury the question as to whether Rachael Anderson was acting as the servant of appellant at the time this accident occurred, and as to whether this act was done in the course of her employment as a bookkeeper of appellant and by authority of appellant either expressly or impliedly conferred.

The jury found against appellant and Rachael Anderson. Appellant's motion for judgment notwithstanding the verdict, was denied and appellant appealed from the judgment entered.

Appellant now claims: (1) That decedent was guilty of contributary negligence; (2) that there was error in the reception of evidence and in denying appellant's motion to strike out certain testimony; and (3) that there is not sufficient evidence to sustain a verdict

against appellant and that the verdict is contrary to law, and that the motion for a directed verdict, and later the motion for judgment notwithstanding the verdict, should have been granted.

1. The evidence in this case is such that the question of contributory negligence is a question of fact and not a question of law. The jury has decided this question.

2. The important question in this case relates to the competency of the statement of J. E. Ramaley, the treasurer and manager of Ramaley Boat Company, a corporation, the appellant, to Verney L. Johnson and which is hereinbefore set forth. If this statement goes out of the evidence the plaintiff's case must fall.

Ramaley came to his office on the morning following the accident and then learned of the accident. He immediately decided to go and investigate the place of the accident and see Miss Anderson. In preparing to go he learned that the books were gone. He found the automobile at the place of accident and there learned that the books were in the Pearson home nearby. He then went to the hospital, where Miss Anderson had been taken, to see her. While there he met Johnson and their talk was casual and at a time when neither understood or considered he had any business relations with the other. Respondent attempts to say that Ramaley was at the hospital for the purpose of finding the books of his company and, therefore, he was acting and speaking in his official capacity in connection with business then being transacted by him for the company, and that therefore his statements were competent evidence. The record will not support this contention. He found the books at the Pearson home before he went to the hospital and his trip to the hospital was merely the manifestation of a natural or usual personal interest in a faithful but unfortunate employe.

When are the acts, statements or declarations of an officer of a corporation competent evidence against the corporation? Such statements are admissible upon the theory of agency. They are competent and admissible as against the corporation only when made in the course of the performance of their authorized duties as agents, so that the statements constitute a part of their conduct as agents—a part of the res gestae. Browning v. Hinkle, 48 Minn.

544, 51 N. W. 605, 31 Am. St. 691; Reem v. St. Paul City Ry. Co.
77 Minn. 503, 80 N. W. 638, 778; First State Bank v. Pederson,
123 Minn. 374, 143 N. W. 980; Anderson v. Great Northern Ry. Co.
126 Minn. 352, 148 N. W. 462; Berg v. Pittsburgh Const. Co. 128
Minn. 408, 150 N. W. 1092; McCoy v. City Nat. Bank, 128 Minn.
455, 151 N. W. 178. The statements here in question were made
in casual conversation. They were not made in the scope of his
agency while transacting business for his principal, nor in relation
to a transaction or matter then pending in which he was acting
or called upon to act or speak for his principal. Such statements
are inadmissible. Van Doren v. Bailey, 48 Minn. 305, 51 N. W. 375.
Being so disconnected from the agency of the speaker and relating
to past transactions, they are mere hearsay. Jackson v. Mutual
Ben. Life Ins. Co. 79 Minn. 43, 81 N. W. 545, 82 N. W. 366. Such
statements of an officer of a corporation are not received as ad-
missions but as a part of the res gestae. The statements with which
we are here concerned were not made at the time nor in connection
with any authorized act of the witness and this casual talk had no
connection whatever with any authorized act in the chain of causa-
tion. Res gestae are events speaking for themselves through the
instinctive words and acts of participants, not the words and acts
of participants when narrating the events. It is well settled that
the declarations of an agent, made after the transaction is fully
completed and ended, are not admissible.

Our views, which are amply supported by our own decisions, are
quite frequently applied in other states and supported by other
authorities. Cobb v. United Eng. & Con. Co. 191 N. Y. 475, 84
N. E. 395; Brackett v. Commonwealth, 223 Mass. 119, 111 N. E.
1036, Ann. Cas. 1918B, 863; Boston Food Products Co. v. Wilson
& Co. 245 Mass. 550, 139 N. E. 637; Andrews v. Tamarack Mining
Co. 114 Mich. 375, 72 N. W. 242; Beunk v. Valley City Desk Co.
128 Mich. 562, 87 N. W. 793; Lee v. Marion Savings Bank, 108
Iowa, 716, 78 N. W. 692; Havens v. R. I. S. Ry. Co. 26 R. I. 48,
58 Atl. 247, 3 Ann. Cas. 617; Huntingdon & Broad Top M. R. Co.
v. Decker, 82 Pa. St. 119.

The testimony of the witness Johnson disclosing the statement of Ramaley was incompetent and hence was inadmissible. It was error to receive it. Without this testimony there is no evidence to support the verdict.

3. Appellant's motion for judgment notwithstanding the verdict should · have been granted. Its assignments of error under this subdivision as above mentioned are meritorious.

The judgment appealed from its reversed with directions to enter judgment for appellant.