MUTUAL SERVICE CASUALTY INSURANCE COMPANY v.
ORVILLE OVERHOLSER AND ANOTHER.
ROYAL OVERHOLSER v. LEO PEHOVEK.
WALTER G. OVERHOLSER v. LEO PEHOVEK.[1]

May 1, 1953.

Nos. 35,952, 35,953, 35,954.

[1]Reported in 58 N. W. (2d) 268.

244

*Swensen, Anderson & Miley,* for appellants.
*Robins, Davis & Lyons,* for respondents.

LORING, CHIEF JUSTICE.

These actions all arose out of a collision between an automobile driven by Leo Pehovek and a motorcycle operated by Walter Overholser but alleged to have been owned by his brother, Orville Overholser. Raymond Marsh was a passenger on the motorcycle. Both Marsh and Walter Overholser were injured in the collision.

Pehovek's insurer, Mutual Service Casualty Insurance Company, paid Marsh $2,000 in settlement for his injuries. The company then brought suit against Walter and Orville Overholser for contribution to this payment, alleging that the negligent operation of the motorcycle by Walter Overholser made both Overholsers joint tortfeasors with Leo Pehovek.

Walter Overholser commenced a separate action against Pehovek for his personal injuries. Pehovek counterclaimed in this action for damages to his automobile. Walter Overholser was a minor at the time of the accident, so his father, Royal Overholser, also brought an action against Pehovek for the medical expenses and loss of services he incurred as a result of his injuries. For purposes of the contribution action only, there was a stipulation that plaintiff's insured, Pehovek, was negligent. Such negligence was expressly

disclaimed in the other two actions. The cases were consolidated for trial. There was only one presentation of evidence made for all three cases; that is, the plaintiff's presentation in the first action was adopted as the defendant's presentation in the other two actions and vice versa.

In the contribution action by the insurance company against the Overholsers, the jury returned a verdict for the insurance company for $1,020. In the two actions by the Overholsers, verdicts were returned in favor of defendant Pehovek.

Orville Overholser, as defendant in the contribution action, moved for judgment notwithstanding the verdict or a new trial, and defendant Walter Overholser moved for a new trial. Walter and Royal Overholser, as plaintiffs in their actions against Pehovek, each moved for a new trial. The trial court denied the motion for judgment in the first action but granted the motions for a new trial in all three actions. From the tenor of the court's order and the memorandum attached thereto, it is clear that the new trial was granted solely on the ground that the court erred in not charging the jury that, as a matter of law, Pehovek was guilty of negligence proximately causing the collision. The court stated that there was no merit to the other errors assigned by defendants in their motions for a new trial.

The insurance company and Pehovek appeal from the order granting the new trial.

There are two questions presented by this appeal: (1) Was there prejudicial error in the trial court's failure to charge the jury that on the evidence presented Pehovek was guilty of negligence as a matter of law? (2) Does the record show other errors of law which might be a basis of sustaining the order for a new trial? M. S. A. 605.09 (4).

■ On consideration of all the evidence, it is our opinion that Pehovek's negligence, as well as Walter's, was a question for the jury. However, even if the record justified a charge that as a matter of law Pehovek was negligent, the failure of the court to so instruct the jury was without prejudice to the Overholsers because

a finding that Pehovek was negligent is implicit in the verdicts rendered.

Under the charge originally given and later elaborated, at the request of the jury, it was made clear that in order to return a verdict for plaintiff in the contribution case it would be necessary to find Pehovek, as well as Walter Overholser, guilty of negligence. Since there was only the one presentation of evidence made for all these cases, the jury obviously denied recovery in the second two cases because they found both Walter and Pehovek negligent. The fact that no amount was allowed Pehovek in his counterclaim against Walter is in accord with such finding, although it is doubtful whether the jury was charged at all on this counterclaim. Defendants could not have been prejudiced by the failure of the court to charge that Pehovek was negligent as a matter of law. They are in the same position in which they would have been if the court had so charged.

The cases cited by respondents are not in point. They involve verdicts for defendants which may have resulted either from a conclusion that defendant was not negligent or from a conclusion that both plaintiff and defendant were negligent. In those cases, if the evidence necessitated a charge that defendant was negligent as a matter of law, then there was prejudicial error, since it may well have been that the jury found defendant not negligent. As we said in Webber v. Seymour, 236 Minn. 10, 18, 51 N. W. (2d) 825, 830:

"We are unable to determine here whether the jury decided that the driver of defendant's car was negligent and that Boyer was also guilty of contributory negligence, and thus returned a verdict for defendant, or whether it determined that the driver of defendant's car was not negligent, but that Boyer was guilty of contributory negligence."

The cases at bar differ in that the combination of verdicts rendered on the same evidence conclusively shows that the finding for Pehovek resulted from the conclusion that both he and Walter were negligent.

■ We then come to the question of whether there were any other errors which could sustain the order for a new trial. See, § 605.09 (4). The first of the other grounds submitted by respondents involves the court's refusal to allow counsel for the Overholsers to cross-examine, under the statute, one Joseph Scherman, the insurance company's claim agent who took certain statements both before and after the settlement with Marsh. The claim was that the statements taken before the settlement were inconsistent with those taken afterward. Both sets of statements were already in the record. The offer of proof indicated that such evidence was offered for its effect on the credibility of the insurance company's witnesses and also to show:

"* * * the endeavor on the part of the insurance company to start a lawsuit and put themselves in position of plaintiff and put us in position of defendant after providing the background for this lawsuit."

Without burdening this opinion with an extensive analysis of the relevancy and materiality of such evidence, it is sufficient to say that the evidence offered to be produced by this witness was either wholly irrelevant to the issues or had already been substantially adduced from other sources. There was, therefore, no prejudicial error in the exclusion of such material. See, McCoy v. City Nat. Bank, 128 Minn. 455, 151 N. W. 178, and Davies v. Village of Madelia, 205 Minn. 526, 287 N. W. 1.

The second error relied on involved the receipt of testimony concerning the position of the motorcycle's speedometer needle after the accident. The trial court completely and adequately corrected any error in such admission by a very thorough charge to the jury to disregard such evidence. On motion of respondents' counsel, the trial judge gave an extended instruction to the jury, concluding with:

"* * * You are to say to yourselves, 'It does not make any difference what that speedometer showed; we have been told by the Judge not to consider that at all and remove it completely from

our minds in determining the question of the speed of the motorcycle at the time of the collision.' "

Apparently, respondents' counsel was satisfied since he asked nothing more of the court. It is difficult to perceive what further measures the trial court might have taken. See, Lorberbaum v. Christopher, 198 Minn. 289, 269 N. W. 646.

The third error relied on by respondents involves a conversation between the judge and a witness on the witness stand during an intermission, which respondents allege was "within the hearing of the jury." The judge asked the witness, a police officer, "While we are waiting, do you catch many speeders out there?" The witness replied, "Yes." The record does not disclose that these remarks were "within the hearing of the jury." There was no objection or exception taken to this interchange. Apparently, respondents' counsel did not then deem the remarks as improper and prejudicial as he does now. While it certainly might better have been avoided, the remark was apparently trivial and casual and of extremely doubtful relevancy to the issues in any of these cases. It is difficult to evaluate the effect of such a remark on the jury, but its triviality would seem to be indicated by the absence of any timely action on the part of counsel. See, Manley v. Connolly, 155 Minn. 343, 193 N. W. 590. We see no prejudicial error.

The fourth error relied on involves the court's comments to the jury that the Mutual Service Casualty Insurance Company took the place of Marsh in the first action. What was said by the court was not in its principal charge but was included in a response to a question of the foreman of the jury when it returned for further instructions. The foreman asked:

"Foreman * * *: * * * Can Mutual Service Company collect if we decide only one of the drivers was negligent in causing the accident?

"The Court: It cannot.

"Foreman * * *: If both drivers are negligent in the accident in which Donald Marsh was injured, then can the Insurance Company recover?

"The Court: The Insurance Company can then recover if both drivers were negligent and the negligence of each combined and concurred so as to cause the injury to Marsh, and in the event you allow a recovery for the Mutual Service Casualty Insurance Company, there can be no recovery in favor of the plaintiff in the other two cases.

"Foreman * * *: I wonder if that does not clear up any point. (To jurors) Any other question you wish to ask? (No question)

"The Court: There can be no recovery in either of the other two cases because then you found both drivers negligent and neither of them can recover. Contributory negligence defeats the one driver's right to recover from the other, if found negligent. However, Marsh not being a driver, but a passenger, he may recover his damages if both drivers were negligent, and the Mutual Service Casualty Insurance Company takes the place of Marsh in this action."

This discourse, taken in connection with the court's clear instructions in its principal charge, made it plain to the jury that the insurance company's case for contribution depended wholly upon whether Marsh had had a cause of action against both drivers, which was only stating in a simple way the law as it applies to a suit for contribution. See, American Auto. Ins. Co. v. Molling, 239 Minn. 74, 57 N. W. (2d) 847. We see no prejudicial error.

■ We view with disapproval the appearance of different members of the same law firm representing, in a consolidated trial, parties with conflicting interests. For this reason, no statutory costs will be allowed the prevailing parties on this appeal.

The order granting a new trial in all three cases is reversed with directions to the trial court to enter judgment in favor of the insurance company in its case and in favor of Pehovek in the Overholsers' cases against him.

So ordered.