RAYMOND CASWELL v. MINAR MOTOR COMPANY AND ANOTHER.[1]

October 9, 1953.

Nos. 36,045, 36,113.

[1]Reported in 60 N. W. (2d) 263.

*R. J. Leonard* and *Frank Claybourne,* for appellant.
*Leland A. Olson* and *Leo J. Lauerman,* for respondents.

CHRISTIANSON, JUSTICE.

Action is brought by plaintiff to recover for personal injuries and property damage which he sustained as the result of a collision between his automobile, which was being driven by one Vernon Watkins, and an automobile owned by defendant Minar Motor Company and driven by defendant Reuben Carlson. The jury returned a verdict for plaintiff. Both parties appeal. Plaintiff appeals from an order denying his alternative motion for a new trial on the issue of damages or for a new trial on all issues. Defendants appeal from an order denying their motion for judgment notwithstanding the verdict. They made no motion for a new trial.[2]

On the afternoon of March 8, 1952, defendant Carlson was driving north in defendant Minar Motor Company's 1946 Ford on State Highway No. 15 toward the intersection of State Highway No. 15 and a gravel road near the junction of Meeker county and Stearns county. At the same time and place, plaintiff and Watkins were

[2]This is a nonappealable order and defendants' appeal, therefore, must be dismissed. Carlstrom v. North Star Concrete Co. 132 Minn. 467, 155 N. W. 1039; Hostager v. Northwest Paper Co. 109 Minn. 509, 124 N. W. 213; Oelschlegel v. Chicago Great Western Ry. Co. 71 Minn. 50, 73 N. W. 631.

traveling north in plaintiff's 1946 Chevrolet approaching defendants' car. When they attempted to pass defendants' car, the two cars collided and plaintiff was injured.

State Highway No. 15 is paved with tarvia and is 26 feet wide at the scene of the accident with five-foot shoulders on either side. The accident occurred on a straight section of the highway which rises to the south at a three-percent grade reaching a crest 1,045 feet south of the intersection. Although there was some slush present, the highway was in good condition, and there were no obstructions to visibility and no other vehicles on the highway at the time of the collision.

The testimony of plaintiff and Vernon Watkins, the driver of plaintiff's car, was substantially the same. Plaintiff met Watkins in Forest City and Watkins agreed to drive plaintiff to Kimball. On cross-examination plaintiff conceded that he had control of the direction, speed, and position of his car upon the highway. Watkins and plaintiff first observed defendants' car ahead of them when they reached the crest south of the intersection. They were traveling from 40 to 55 miles per hour. They turned into the left lane to pass defendants' car which was traveling at a slow rate of speed. As they were passing defendants' car, defendant Carlson turned it to the left and struck the right rear fender of plaintiff's car. This occurred at a point 80 to 125 feet south of the intersection. Plaintiff's car skidded, rolled over, and came to rest in an upright position about 55 feet north of the intersection.

Defendant Carlson testified that he was driving at a speed of 10 to 15 miles per hour; that he intended to make a left turn at the intersection; that he looked to the rear at a point 150 to 200 feet south of the intersection and observed that the highway was clear to the crest; that he commenced a left turn within the intersection without looking again or signaling; that he heard the sound of a car skidding; that he then observed plaintiff's car and turned to the right in an attempt to avoid the collision; and that plaintiff's car struck his left front fender.

■ Plaintiff makes several assignments of error which pertain only to the issue of defendants' liability. Since plaintiff prevailed upon the issue of the right of recovery, these assignments of error need not be considered. See, Maas v. Midway Chevrolet Co. 219 Minn. 461, 18 N. W. (2d) 233, and Mutual Service Cas. Ins. Co. v. Overholser, 239 Minn. 243, 58 N. W. (2d) 268.

■ Plaintiff contends that the verdict is inadequate. Defendants maintain that plaintiff's contributory negligence appears as a matter of law. If defendants are correct in this contention, plaintiff cannot prevail even though the verdict in his favor is inadequate. Shearer v. Puent, 166 Minn. 425, 208 N. W. 182. See, Maki v. St. Luke's Hospital Assn. 122 Minn. 444, 142 N. W. 705. However, viewing the evidence in the light most favorable to the verdict, as we must, it is clear that plaintiff's contributory negligence, if any, was a question of fact for the jury.

■ The verdict was for $10,000. Plaintiff sustained a fracture of the cervical spine with a protrusion of the bone fragments into the spinal cord causing a laceration of the cord. He was hospitalized for a period exceeding seven months. His medical expenses, including incidentals, amounted to $7,487.99. The damage to plaintiff's car was $600. None of these items were disputed by defendants. Although plaintiff testified that he was earning a salary of $175 per month prior to his injury, the record fails to disclose his loss of earnings, if any, resulting from the injury. Plaintiff was 61 years of age at the time of the injury. The record discloses that he had a life expectancy of 13 years. From almost complete paralysis from the top of the chest downward, plaintiff has improved to the point where at the time of the trial he could spend short periods of time in a wheel chair or exercising his legs with the aid of a special apparatus. Plaintiff's doctor testified that plaintiff has achieved his maximum improvement in function. Defendants' doctor agreed that there would be some definite degree of permanent disability but testified that, at the time of the trial which was nine months after the injury, no one could predict with reasonable certainty what this degree would be. Since plaintiff's special damages total

$8,087.99, the pain and suffering, the prolonged temporary total disability, and the permanent disability which will admittedly be present in at least a minimum degree are compensated by only $1,912.01. Although the grant or refusal of a new trial for inadequate damages rests largely within the discretion of the trial court, a new trial will be ordered where upon the record the damages awarded appear entirely inadequate. Olson v. Christiansen, 230 Minn. 198, 41 N. W. (2d) 248; Flaugh v. Egan Chevrolet, Inc. 202 Minn. 615, 279 N. W. 582. We are of the opinion that the damages awarded in the instant case are entirely inadequate.

■ In the instant case, the parties have presented sharply conflicting versions of the facts surrounding the accident and the issue of plaintiff's contributory negligence is strongly contested. It is a fair inference that inadequate damages were awarded as a compromise between the right of recovery and the amount of damages sustained. Therefore a new trial should be ordered as to all the issues. Blacktin v. McCarthy, 231 Minn. 303, 42 N. W. (2d) 818; Flaugh v. Egan Chevrolet, Inc. 202 Minn. 615, 279 N. W. 582.

Plaintiff assigns as error the admission of evidence indicating that plaintiff was receiving workmen's compensation. Since the error is one that is not likely to be repeated on a retrial, no useful purpose would be served by our considering this assignment in detail at this time.

For the foregoing reasons, the order of the trial court denying plaintiff's alternative motion for a new trial on the issue of damages or for a new trial on all the issues should be reversed and a new trial granted on all the issues. Since defendants' appeal is based upon a nonappealable order, their appeal must be dismissed.

Reversed and new trial granted on all issues.